432 So.2d 325 (1983)
STATE of Louisiana
v.
Michael D. THOMAS.
No. 82 KA 0913.
Court of Appeal of Louisiana, First Circuit.
May 17, 1983.
*326 Ossie B. Brown, Dist. Atty. by Brenda Creswell, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Georgia G. Wilemon, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before COVINGTON, LANIER and ALFORD, JJ.
COVINGTON, Judge.
Michael D. Thomas was charged with two counts of forgery in violation of LSA-R.S. 14:72. Defendant pled guilty to both counts and, after a hearing, was sentenced to ten years at hard labor for each count. The sentences are to run concurrently. On appeal the defendant submits that the trial court erred in imposing excessive sentences.
These charges arise out of the cashing of two forged checks on December 3 and 4, 1981. Both checks belonged to Triangle Road Boring and Tunneling, Inc., a company which had been out of business for several years. Each check was made payable to Michael Thomas and endorsed by Michael Thomas; one check was cashed at a grocery store in Pride, Louisiana, and the other at a grocery in Zachary, Louisiana. Defendant was arrested after being implicated by another individual who was also being held by the authorities for issuing bad checks.
Defendant is a thirty year old married man with an eleventh grade education. He is the father of three young children and is self-employed as a carpet and flooring installer. He has one prior felony conviction, for which he was put on probation. This probation was revoked because of his failure to adhere to its conditions.
*327 The sole assignment of error made by defendant in this appeal is that the trial judge imposed excessive sentences. He contends that the trial judge failed to consider any mitigating factors in this case and suggests that the maximum sentence was imposed, arguing that a sentence such as the one received by the defendant should be reserved for the most serious offender and the most serious offense.
The Louisiana Constitution of 1974, Article 1, Section 20 provides that no law shall subject a person to "... cruel, excessive, or unusual punishment." Excessive punishment has been defined by Louisiana Courts as that which is:
Barbarous, extraordinary or grossly disproportionate to the offense. In short, the constitutional prohibition is directed to punishments that shock the conscience of civilized men. State v. Crook, 253 La. 961, 221 So.2d 473, 476. (1969).
Generally, a sentence is unconstitutional when it is nothing more than a purposeless and needless imposition of pain and suffering that is grossly out of proportion to the severity of the offense. In determining whether a sentence is grossly disproportionate to the severity of the crime, this Court must consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the punishment is disproportionate to the crime as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980). The general type of factors which should be considered by a trial judge before the imposition of a sentence on a particular offender include his personal history, prior criminal record, the seriousness of the crime, the circumstances of the offense, the likelihood that the defendant will commit another crime, and his potential for rehabilitation. State v. Trahan, 412 So.2d 1294 (La.1982); State v. Jackson, 360 So.2d 842 (La.1978).
The maximum sentence that may be imposed for the crime of forgery is a fine of not more than $5,000.00, or imprisonment, with or without hard labor, for not more than 10 years, or both. LSA-R.S. 14:72. The defendant in this case was sentenced to ten years at hard labor for each count, with said sentences to run concurrently.
The trial judge made the following observations at sentencing:
In pronouncing this sentence and in accordance with the provisions of Article 894.1 of the Louisiana Code of Criminal Procedure, the court cites that confinement is appropriate because there is an undue risk that during a period of a suspended sentence or probation the defendant would commit another crime and the court cites that the defendant is a second felony offender. The court also takes note of the fact that the defendant's previous conviction was for theft in April of 1971. The defendant also is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution, and the court cites the fact that the defendant was previously placed on probation which was revoked on May 11, 1982, due to his failure to adhere to the conditions of his probation. A lesser sentence in this case would depricate [sic] the seriousness of the defendant's crime and the court cites that the defendant's candid admission of committing the instant crimes merely for the purpose of supporting a $100.00 per day illegal drug habit.
The record of the sentence hearing reflects that the district court judge adequately contemplated the guidelines for sentencing as set forth in La.C.Cr.P. art. 894.1. State v. Trahan. The defendant had a prior felony conviction for which his probation, had been revoked due to his failure to adhere to its conditions, which was noted by the judge. The court also considered the defendant's admission that he committed the forgeries in order to obtain money to support his $100.00 per day illegal drug habit. The court also stated that a lesser sentence would diminish the seriousness of defendant's crimes. Additionally, the judge did not impose the maximum sentence on this defendant; he was not fined and his ten year sentences are to run concurrently.
*328 Wide discretion is given the trial judge in the imposition of sentence within the applicable statutory limits; in the absence of manifest abuse, his sentence should not be set aside as excessive. State v. Feeback, 414 So.2d 1229 (La.1982); State v. Sepulvado, 367 So.2d 762 (La.1979).
Accordingly, and for the above reasons, we find defendant's assignment of error to be without merit. The sentences imposed are affirmed.
AFFIRMED.