WATKINS, Judge.
Claudia Johnson was charged by a single bill of information with three counts of forgery in violation of LSA-R.S. 14:72. Defendant withdrew her original plea of not guilty, pleaded guilty as charged to each count and was subsequently sentenced to a term of five years imprisonment in the custody of the Department of Corrections on each count to run concurrently.
The record reveals that during the period from September 23, 1982 through December 1, 1982, two checks bearing forged drawer signatures and one check bearing a forged endorsement were presented and deposited into a savings account belonging to Claudia Johnson; the funds were thereafter withdrawn. The aggregate total of the three instruments was $600.00.
In bringing this appeal, defendant urges as her sole assignment of error that the sentence imposed was excessive in violation of Art. 1, § 20, LA. Const, of 1974.[1]
The standard of review to be exercised by an appellate court is circumscribed by rather narrow limits. A trial judge has wide discretion to impose a sentence within statutory limits. State v. Sepulvado, 367 So.2d 762 (La.1979). In the absence of manifest abuse of discretion, the sentences imposed will not be set aside as excessive. State v. Lanclos, 419 So.2d 475 (La.1982).
Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. State v. Thomas, 432 So.2d 325 (La.App. 1st Cir.1983). A sentence is considered grossly disproportionate if one’s sense of justice is shocked when comparing the punishment in light of the harm done to society. Id. at 327.
The maximum sentence which defendant could have received under LSA-R.S. 14:72 is imprisonment with or without hard labor for not more than ten years, a fine of not more than five thousand dollars, or both, on each count.
The record in this case reflects that the trial judge ordered a presentence investigation report and adequately considered the sentencing guidelines of LSA-C.Cr.P. art. 894.1.[2] In pronouncing sentence the court noted that defendant had been convicted of similar charges in the past, and a less severe sentence would probably result in the commission of similar offenses in the future.
The defendant argues failure of the trial judge to articulate every mitigating factor enumerated in art. 894.1, but not even one of the mitigating factors is urged as being applicable in the instant case.
Although the defendant is young, the record reveals that she has an extensive juvenile history of delinquency and was on probation on similar charges when the instant offenses were committed.
We cannot say that the sentence imposed is excessive under the circumstances. We find that the trial judge fully considered the range of sentencing alternatives and individualized the sentence to the particular defendant for the particular crime involved.
The assignment of error is without merit.
The conviction and sentence are affirmed.
AFFIRMED.

. The LA. Const, of 1974, Art. 1, § 20 provides that no law shall subject a person to "... cruel, excessive, or unusual punishment."

. The trial judge need not articulate every aggravating and mitigating circumstance to comply with guidelines of LSA-C.Cr.P. art. 894.1. State v. Grey, 408 So.2d 1239 (La.1982).