461 So.2d 627 (1984)
STATE of Louisiana
v.
Dewitt GRAY.
Nos. 84 KA 0505, 84 KA 0506.
Court of Appeal of Louisiana, First Circuit.
December 28, 1984.
*629 Ossie Brown, Dist. Atty. by Bob Hester, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Bonnie Jackson, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
SHORTESS, Judge.
Dewitt Gray (defendant) was charged by bill of information with one count of attempted aggravated rape in violation of LSA-R.S. 14:42; 14:27. He pled not guilty and, after a jury trial, was found guilty as charged. He was subsequently charged and sentenced as a second felony habitual offender. The court sentenced defendant to be confined in the custody of the Louisiana Department of Corrections for a period of fifty years.
Defendant brings this appeal urging two assignments of error:
1. The verdict is contrary to the law and/or the evidence.
2. The trial court committed error when it imposed an excessive sentence.
On the evening of August 6, 1983, a thirteen-year old boy went to defendant's house to take him change from a store purchase. When the boy did not return home within a few minutes, his godmother, with whom the boy resided, became concerned. Attempts to locate the boy were in vain as knocking and shouting at defendant's door produced no response. Some ten or fifteen minutes later, the boy, then in an emotionally distraught state, arrived at home. When questioned, he admitted that defendant had tried to rape him. Defendant was arrested later that evening following police investigation of the incident.

ASSIGNMENT OF ERROR NO. 1:
Defendant contends that the verdict of guilty was contrary to the law and/or the evidence as the state's evidence was insufficient to establish that he intended and performed an act towards raping of the victim.
The standard of review for sufficiency of evidence to support a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of the crime beyond a reasonable doubt. See, La.C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983). Review of the record presents ample evidence in support of the jury's verdict.
In order to attempt to commit a crime an offender must actively desire to cause the specific results required by a particular criminal statute and do or omit an act for the purpose of and tending directly toward the accomplishing of his object. La.R.S. 14:10;27; State v. Parish, 405 So.2d 1080 (La.1981) on rehearing, appeal after remand, 429 So.2d 442 (La.1983).
Accordingly, in order to commit attempted aggravated rape, an offender must actively desire to commit rape by (1) overcoming the victim's utmost resistance by force; (2) preventing the victim from resisting by threats of great and immediate bodily harm, accompanied by apparent power of execution; (3) preventing the victim from resisting because the offender is armed with a dangerous weapon; or (4) having anal or vaginal sexual intercourse with a victim under the age of twelve years. La. R.S. 14:41; 42.[1]
It is clear that the evidence in this case was sufficient to warrant a finding that the defendant actively desired to engage in sexual intercourse and that he did an act for the purpose of and tending directly toward the accomplishing of his object.
The victim, in testimony uncontroverted by the defense, testified that following his *630 entry into defendant's house he was forcibly dragged to a bedroom. Despite his continued struggling, the victim was thrown onto a bed, his shorts and underwear were removed, and defendant announced that "he was going to f... [the victim]". After having been moved to a prone position, the victim felt defendant touching his anus which elicited a comment from defendant that "[the victim's] booty hole was too small." Shortly thereafter, in response to knocking at defendant's front door, the victim was locked inside a bathroom. During this ordeal, the victim was warned that he would be shot if he continued to struggle or made any noise. After being released from the bathroom, the victim was taken to a back porch where he managed to escape over a fence.
The record does reveal some discrepancy as to whether defendant, while holding the struggling victim on the bed, merely unbuckled his own trousers or removed his trousers and underwear. At trial on the merits, the victim and his godmother testified that defendant's trousers and underwear were removed.[2] However, during the preliminary hearing, the victim and his godmother testified that defendant only unbuckled his trousers.
The jury was fully informed as to the nature and content of relevant testimony from the preliminary hearing as the transcript of the victim's and his godmother's testimony was introduced into evidence and time provided for each juror to read that transcript. The trier of fact may reject in whole or in part the testimony of any witness. State v. Norman, 448 So.2d 246 (La.App. 1st Cir.1984) reversed in part on other grounds 452 So.2d 1178 (La.1984).
Moreover, viewing the evidence in the light most favorable to the prosecution, the state has proved an act tending directly toward the accomplishment of rape of the victim whether or not defendant remained fully clothed. In State v. Parish, defendant therein obtained entry to a female's apartment by false pretense, grabbed her, and told her he wanted to make love to her as he dragged her toward a bedroom. He did not attempt to remove either his or her clothing, get on top of her or touch her breasts or genitals, but the victim noticed that his zipper was partially unzipped and that he had an erection. Although the incident was aborted by that defendant, the Louisiana Supreme Court found evidence sufficient to warrant a finding that the perpetrator actively desired to engage in sexual intercourse and did an act toward the accomplishment of his objective. In the instant case, not only did defendant force a struggling thirteen-year-old boy onto a bed and pull the victim's shorts and underwear off, but he also crudely advised the boy that he was about to be homosexually raped, turned him on his stomach for that purpose and touched the victim's genital area with his hand.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2:
Defendant contends that the sentence imposed was excessive in violation of La. Const. art. I, § 20.
Pursuant to La.R.S. 14:42;27 and La.R.S. 15:529.1, defendant's sentencing exposure, as a second felony offender, was from a minimum period of incarceration of 16 2/3 years at hard labor to a maximum sentence of imprisonment at hard labor for 100 years. The instant sentence was imprisonment for 50 years at hard labor.
Defendant contends that the trial judge did not accord his psychiatric condition sufficient weight in imposing sentence. We find that the trial court gave adequate consideration to all relevant factors in fixing defendant's sentence and therefore affirm.
*631 The record in this case reveals that the trial judge articulated the factual basis for imposition of sentence in accordance with La.C.Cr.P. art. 894.1.
Generally a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. State v. Thomas, 432 So.2d 325 (La.App. 1st Cir.1983). A sentence is considered grossly disproportionate if one's sense of justice is shocked when comparing the punishment in light of the harm done to society. State v. Thomas, 432 So.2d at 327.
In the instant case defendant's sentence does not appear to be grossly disproportionate to the offense committed. The trial judge took particular notice of the fact that defendant had a long history of violent offenses against the person, including a conviction for attempted aggravated rape on November 24, 1980, which formed the predicate felony for the instant habitual offender bill. The court also noted that defendant did not act under provocation nor did the victim in any way encourage or facilitate the crime. Due consideration was given to all relevant mitigating facts in this case. The judge noted that defendant's criminal history probably indicated that defendant had psychiatric problems but that defendant presented an undue risk to others in a free society. Given defendant's history of criminal activity and the apparent likelihood of its recurrence, the court felt that correctional treatment in a confined environment was the only appropriate punishment.
Absent manifest abuse of discretion by the trial court, a sentence should not be set aside as excessive. State v. Lanclos, 419 So.2d 475 (La.1982). The record in this case shows that the trial judge considered all relevant factors under La.C.Cr.P. art. 894.1 in reaching his sentencing decision. We find no manifest abuse of discretion in the factors he considered or the weight given to those factors and therefore affirm the defendant's sentence.
For the above reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] La.R.S. 14:41, in pertinent part, defines rape as:

[T]he act of anal or vaginal sexual intercourse with a male or female person who is not the spouse of the offender, committed without the person's lawful consent.
[2] The victim's godmother, who did not witness the incident, testified only as to what the victim told her shortly after returning home. When there is no unexplained lapse of time between the rape and the victim's complaint, and when the utterance is spontaneous, the person to whom the complaint was made is allowed to repeat the complaint in court. See, State v. Elzie, 351 So.2d 1174 (La.1977).