COLE, Judge.
Jesus Víctores was charged by bill of information with one count of attempted second degree murder (in violation of La. R.S. 14:27 and 30.1). He pled not guilty and elected trial by jury. A jury found the defendant guilty of attempted manslaughter (in violation of La.R.S. 14:27 and 31). The defendant received a sentence of nine years at hard labor. The trial court also ordered him to pay court costs of $909.20. He has appealed, alleging two assignments of error, as follows:
'1. The trial court erred in denying the defendant’s right to confront and cross-examine a witness.
2. The trial court erred in imposing an excessive sentence.
On Sunday afternoon, August 14, 1983, Adele Ruston made several phone calls to her husband, David Ruston. The Rustons were legally separated, but Ms. Ruston wished to borrow some money from Mr. Ruston to fix her car, which had recently been damaged by a fire. Ms. Ruston’s boyfriend, the defendant, listened to these telephone conversations on another phone. Apparently, Mr. Ruston refused to lend Ms. Ruston any money. According to Ms. Ruston, after the last phone call, the defendant was “pretty annoyed.” She testified the defendant stated Mr. Ruston “would die.”
After the last phone call to Mr. Ruston, the defendant and Ms. Ruston left their apartment in his Volkswagen. They drove to Mr. Ruston’s apartment on Jefferson Highway. After they parked the car, they walked to Mr. Ruston’s apartment; and Ms. Ruston knocked on the door. When Mr. Ruston answered the door, he was attacked without warning by the defendant. The defendant stabbed Mr. Ruston twice, once in the abdomen and once in the back. Mr. Ruston was seriously injured and spent ten days in the hospital.
The defendant presented a different version of this incident. He testified Ms. Ru-ston had asked him to drive her to a friend’s house. The defendant stated he *899 did not know where they were going and Ms. Ruston was providing the directions. The defendant stated he did not know where Mr. Ruston lived. According to the defendant, when they stopped at Mr. Ru-ston’s apartment complex on Jefferson Highway, he thought they were going to visit a female friend of Ms. Rustom
The defendant does not deny he stabbed Mr. Ruston. The defendant testified that, after opening the door, Mr. Ruston attacked him. The defendant testified he stabbed Mr. Ruston because he was afraid and he “felt trapped.”
ASSIGNMENT OF ERROR NUMBER ONE
In this assignment, the defendant argues that on two occasions during the trial, his right to confrontation and cross-examination of a witness was denied.
On the first day of the trial, Ms. Ruston stated she was not testifying against the defendant in exchange for the charges against her being dropped. However, on the second day of the trial, testimony elicited from Ms. Fournet, Ms. Ruston’s attorney, seemed to indicate the existence of such a deal. During a discussion out of the jury’s presence, the trial court ruled defense counsel could not question Ms. Four-net as to any communications which she had had with her client.[1] Defense counsel objected, arguing he should be able to ask any questions necessary to explore the possibility Ms. Ruston had lied about a deal being made with the prosecution. Defense counsel based his right to fully question Ms. Fournet on the Sixth Amendment to the U.S. Constitution, in which the right to confrontation is accorded to criminal defendants. However, the trial court felt defense counsel’s proposed questions concerning communications between Ms. Ru-ston and her attorney would violate the attorney-client privilege and it would be improper to force Ms. Fournet to invoke the attorney-client privilege in the presence of the jury. Because of this ruling, defense counsel asked if he could recall Ms. Ruston to the stand in order to ask her if she wished to waive her attorney-client privilege. This would allow defense counsel to question Ms. Fournet about privileged communications. The trial court apparently did not oppose Ms. Ruston’s recall, but he refused to delay the trial to await her return to the courtroom.
La.R.S. 15:475 provides:
“No legal adviser is permitted, whether during or after the termination of his employment as such, unless with his client’s express consent, to disclose any communication made to him as such legal adviser by or on behalf of his client, or any advice given by him to his client, or any information that he may have gotten by reason of his being such legal adviser.”
The defendant argues his Sixth Amendment right of confrontation was abridged by the trial court. The defendant was not allowed to impeach Ms. Ruston by questioning Ms. Fournet about communications with her client. While we understand what defense counsel was attempting to do in this case, we hold the trial court’s rulings were correct. In State v. Berry, 324 So.2d 822 (La.1975), cert. denied, 425 U.S. 954, 96 S.Ct. 1731, 48 L.Ed.2d 198 (1976), the Louisiana Supreme Court stated:
“[CJlaims of privilege are preferably determined outside the presence of the jury, since undue weight may be given by a jury to a claim of privilege and due to the impossibility of cross-examination as to its assertion. * * * For similar reasons, the courts have uniformly rejected a defendant’s claim of error based upon the denial of his request that a witness assert his claim of privilege before the jury.” 324 So.2d at 830.
Likewise, this limitation also applies to the prosecution. “It is improper conduct for either the prosecution or the defense know *900 ingly to call a witness who will claim a privilege, for the purpose of impressing upon the jury the fact of the claim of privilege.” State v. Berry, supra, p. 830. See also State v. Day, 400 So.2d 622 (La.1981). Therefore, the trial court’s rulings that defense counsel could not force Ms. Fournet or Ms. Ruston to claim the attorney-client privilege on the witness stand were correct.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER 2
In this assignment of error, the defendant argues his sentence of nine years at hard labor, and the requirement he pay court costs of $909.20, constitutes an excessive sentence.
The Code of Criminal Procedure sets forth items which must be considered by the trial court before passing sentence. La.Code Crim.P. art. 894.1. The trial court need not recite the entire checklist of art. 894.1, but the record must reflect it adequately considered the guidelines. State v. Davis, 448 So.2d 645 (La.1984). In light of the criteria, expressed by art. 894.1, a review of the individual excessiveness should consider the circumstances of the crime and the trial court’s stated reasons and factual basis for its sentencing decision. State v. Cox, 869 So.2d 118 (La.1979).
Reviewing the art. 894.1 guidelines, the sentencing record discloses the trial court found several aggravating circumstances. Referring to the pre-sentence investigation report, the trial court concluded there was an undue risk that the defendant would commit another crime during any period of suspended sentence or probation. The trial court also stated the defendant was in need of correctional treatment. Finally, noting the seriousness of the victim’s injuries, the trial court concluded a lesser sentence would deprecate the seriousness of this offense.
Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. State v. Gray, 461 So.2d 627 (La.App. 1st Cir.1984). A sentence is considered grossly disproportionate if one’s sense of justice is shocked when comparing the punishment in light of the harm done to society. Gray, supra.
Even though a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762 (La.1979). However, the trial court has wide discretion in the imposition of sentences, and a sentence within statutory limits will not be set aside in the absence of an abuse of discretion. State v. Wardlow, 448 So.2d 257 (La.App. 1st Cir.1984).
The defendant also argues that his being required to pay court costs of $909.20 is “unfair.” We disagree. La. Code Crim.P. art. 887 A clearly states: “A defendant who is convicted of an offense ... shall be liable for all costs of the prosecution or proceeding, whether or not costs are assessed by the court .'.. ”
The trial court satisfied the criteria set forth in La.Code Crim.P.. art. 894.1. Although art. 887 provides the trial court with the power to suspend court costs, we find no abuse of discretion by the trial court in imposing those costs on this defendant. Furthermore, the defendant did not receive the maximum sentence (ten and one-half years) for this offense, even though the victim almost died from his wounds. Under the circumstances, we cannot say this sentence of nine years at hard labor and payment of court costs is excessive. Therefore, this assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.

. Ms. Fournet had apparently indicated in chambers she would invoke the attorney-client privilege if defense counsel questioned her about communications between herself and her client, Ms. Ruston.