EDWARDS, Judge.
Defendant was convicted of simple burglary of an inhabited dwelling, a violation of LSA-R.S. 14:62.2, and sentenced to seven years at hard labor, the first year without benefit of parole, probation, or suspension of sentence. Defendant appeals, assigning five errors.
FACTS
On September 17, 1985, defendant was observed carrying items from a house while the owner was away and loading them into his pickup truck which was parked in the carport. Responding to this crime, Officer R.M. Davis drove his police car into the driveway so the he blocked defendant’s pickup truck in the carport. Defendant, who was in the house at the time, ran out the back door and jumped a fence, landing in the yard of the next-door neighbor, Mr. Kenyota Davis. Having observed defendant’s flight from the victim’s house, Mr. Davis attempted to cut off defendant’s escape route, but when defendant saw Mr. Davis approaching him, he jumped back across the fence and fled, ultimately eluding the police officer who chased him. Several hours later, however, defendant was arrested at his mother’s home.
The pickup truck was later identified as defendant’s, defendant’s fingerprint was found on a piece of glass broken from the rear window of the victim’s home, and Mr. Kenyota Davis positively identified defendant both from a photographic lineup on the day of the crime and at trial.
ASSIGNMENT OF ERROR NUMBER ONE: PHOTOGRAPHIC LINEUP
Defendant contends that the court erred in allowing the photographic lineup into evidence over his objection. The prosecution called Kenyota Davis to testify about his pretrial identification of defendant from a photographic lineup. Defendant’s complaint is based on the fact that Mr. Davis did not remember whether the folder shown him at trial had all the pictures in the exact same form as when he made his identification. Mr. Davis did, however, identify his signature and the date on the folder.
Demonstrative evidence can be admitted only after it is shown that, more probably than not, the evidence is connected to the case. In the instant case the foundation was laid by visual identification. Once that foundation is established, the weight to be given the evidence is a question for the jury. State v. Kirkley, 470 So.2d 1001, 1012 (La.App. 1st Cir.), cert. denied, 475 So.2d 1105 (La.1985), cert. denied, 474 U.S. 1061, 106 S.Ct. 808, 88 L.Ed.2d 783 (1986).
*97 Our review convinces us that it is more probable than not that the photographic lineup folder introduced into evidence was the same one shown to Mr. Davis shortly after the crime occurred, and accordingly the trial court correctly overruled defendant’s objection. In brief defendant argues that the photographic lineup was suggestive, but defendant did not raise this issue in the trial court, and therefore this objection is waived. LSA-C.Cr.P. art. 841.
ASSIGNMENT OF ERROR NUMBER TWO: FINGERPRINTS
Defendant contends that his in-court fingerprinting violated his constitutional right against self-incrimination. It is well established, however, that the Fifth Amendment restriction against self-incrimination applies only to testimonial evidence. Identifying physical characteristics, such as fingerprints, are outside the protection afforded by this privilege. State v. Taylor, 422 So.2d 109, 116 (La.1982), cert. denied, 460 U.S. 1103, 103 S.Ct. 1803, 76 L.Ed.2d 367 (1983).
Defendant also contends that the court erred in admitting into evidence latent fingerprints found at the scene of the crime. Specifically he claims that the prosecution failed to establish a chain of custody of the latent fingerprint. Again, this objection is waived for failure to raise it in the trial court. See LSA-C.Cr.P. art. 841. In any event, our review convinces us that the latent fingerprint introduced into evidence was the same one taken from a piece of broken glass at the scene of the crime.
ASSIGNMENT OF ERROR NUMBER THREE: SUFFICIENCY OF THE EVIDENCE
Although a challenge to a conviction on the basis of insufficiency of the evidence should be made by a motion for post-verdict judgment of acquittal, see LSA-C.Cr.P. art. 821, we will consider this claim as an assignment of error. The question on review is whether, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Martin, 458 So.2d 454, 462 (La.1984) (citing Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). The evidence shows that while the victim was at work, the defendant backed his pickup truck into the carport of the victim’s home and, without authorization, entered the home, removed a microwave, a television set, a .38 caliber pistol, and some jewelry, and began loading the items into his pickup truck. A neighbor who had seen the fleeing burglar face to face positively identified defendant, and a latent fingerprint found on a broken piece of glass from a rear window of defendant’s home matched defendant’s fingerprints taken in court.
At trial defendant claimed that two hitch-ikers had stolen his truck and that he had never been to the victim’s house. The trier of fact is free to accept or reject, in whole or in part, the testimony of any witness. State v. Richardson, 459 So.2d 31, 38 (La.App. 1st Cir.1984). The guilty verdict indicates that the jury did not believe defendant’s story. In light of all the evidence, defendant’s story is simply not credible. His fingerprint was found at the scene of the crime, and he was positively identified by a witness. The evidence is clearly sufficient.
ASSIGNMENT OF ERROR NUMBER FOUR: EXCESSIVE SENTENCE
Defendant complains that the trial court’s compliance with art. 894.1 of the Code of Criminal Procedure was inadequate. The record, however, demonstrates the contrary. The court noted that defendant had an extensive juvenile record, four previous felony charges as an adult, and a drug problem. Although defendant was classified only as a first felony offender, the court believed that he would be a poor probation risk and that a lesser sentence would deprecate the seriousness of the crime. The trial court need not recite the entire checklist of art. 894.1; the record need only reflect that the court adequately considered the guidelines. State v. Davis, 448 So.2d 645, 653 (La.1984). Clearly the *98 court adequately complied with article 894.-1.
The trial court has wide discretion in the imposition of sentences, and a sentence will not be set aside absent an abuse of discretion. State v. Wardlow, 448 So.2d 257, 259 (La.App. 1st Cir.1984). Nevertheless, art. 1, section 20, of the Louisiana Constitution prohibits excessive punishment, and punishment may be excessive even though the sentence is within the statutory limits. State v. Jones, 412 So.2d 1051, 1056 (La.1982). An excessive sentence is one that is grossly disproportionate to the severity of the crime or nothing more than a needless imposition of pain and suffering. State v. Gray, 461 So.2d 627, 631 (La.App. 1st Cir.1984).
The maximum sentence for a conviction of simple burglary of an inhabited dwelling is twelve years at hard labor, one year of which is without benefit of parole, probation or suspension of sentence. See LSA-R.S. 14:62.2. Particularly in light of his extensive criminal record, defendant’s sentence of seven years at hard labor, the first year without benefit of parole, probation, or suspension of sentence, is not excessive.
ASSIGNMENT OF ERROR NUMBER FIVE: POST-CONVICTION BOND
Defendant claims that the court erred by refusing to allow him to remain free on bond pending the outcome of his appeal. This issue is more properly and timely raised by invoking the supervisory jurisdiction of this court pursuant to art. 322 of the Code of Criminal Procedure, see State v. Simmons, 414 So.2d 705, 711 (La.1982), but we will consider defendant’s claim as an assignment of error. When a defendant is sentenced to more than five years imprisonment, bail may be allowed after sentence pending the appeal. LSA-C. Cr.P. art. 314. The granting or denial of bail pending appeal in such a case is within the discretion of the trial court. State v. Strickland, 398 So.2d 1062, 1068 (La.1981).
Defendant contends that the court’s reasons for denial were not based on sufficient evidence. Although the court minutes indicate that a hearing was held on defendant’s motion for post-conviction bond on October 16, 1987, the record does not contain a transcript of this hearing, and consequently we are unable to review the trial court’s reasons. Nevertheless, considering the aggravating circumstances noted by the trial court in its reasons for sentencing, and the court’s belief that there was an undue risk that defendant would commit further crimes if given probation, the release of the defendant would pose a danger to the public. Therefore the trial court did not abuse its discretion in denying the request for post-conviction bail. See LSA-C. Cr.P. art. 314.
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.