DOUCET, Judge.
On March 29, 1987, the defendant, Barbara A. Deville, pleaded guilty to one count of forgery, a violation of La.R.S. 14:72. On September 14,1987, the defendant was sentenced to serve ten years at hard labor with credit for time served. Defendant now appeals raising three assignments of error, two of which are not briefed and deemed abandoned.
FACTS
Defendant was charged by bill of information with forging the signature of Marvin Turnage on a financial instrument drawn on Fidelity National Bank of Baton Rouge. Defendant pleaded guilty to this crime and because of her extensive prior criminal record, was sentenced to ten years at hard labor.
ASSIGNMENT OF ERROR NO. 1:
By this assignment of error the defendant claims that the trial court erred in sentencing her to an excessive sentence in violation of the Louisiana Constitution of 1974 Art. I, § 20. Defendant received a ten year maximum sentence after pleading guilty to the crime of forgery.
The trial judge is required to state for the record both the considerations he has taken into account, and the factual basis, for imposition of sentence. La.C. Cr.P. art. 894; State v. Schaeffer, 414 So.2d 730 (La.1982); State v. Jackson, 360 So.2d 842 (La.1978). Articulation of the reasons for sentence under Art. 894.1 is especially important in cases where the maximum sentence is imposed. State v. Brockett, 471 So.2d 867 (La.App. 2nd Cir.1985).
The trial court does not have to state every aggravating and mitigating *576 factor but the statutory guidelines in Art. 894.1 must be adequately considered. State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal after remand 446 So.2d 1210 (La.1984); State v. Richardson, 438 So.2d 1315 (La.App. 3rd Cir.1983).
Important elements which should be considered include defendant’s personal history, prior record, seriousness of the instant offense, and likelihood of recidivism, or rehabilitation. State v. Soco, 441 So.2d 719 (La.1983), appeal after remand 508 So.2d 915 (La.App. 4th Cir.1987); State v. Ezemack, 408 So.2d 907 (La.1981).
In the case at bar the defendant received the maximum sentence based solely on her prior criminal record. While the trial judge filed the pre-sentence report into the record he failed to consider certain relevant mitigating factors contained within the report. Specifically, the trial judge failed to consider that defendant had children, and that incarcerating defendant would work a hardship on these children. The trial judge failed to consider defendant’s drug abuse problem, which she contends caused her problems with the law. The trial court also failed to consider defendant’s education and work experience.
In Schaeffer, supra, the trial judge referred to the pre-sentence report in sentencing the defendant, but made no mention of aggravating or mitigating factors, except for defendant’s prior convictions. The high court found that the trial judge failed to comply with Art. 894.1.
In Soco, supra, the judge below recited only that the defendant had perjured himself and thereby showed no intent to rehabilitate. The high court concluded the trial court failed to comply with 894.1.
In Ezemack, supra, the Louisiana Supreme Court found that Art. 894.1 was not complied with, because the trial court failed to consider defendant’s background.
The trial judge in the instant case considered only defendant’s conviction record. The trial judge failed to adequately comply with 894.1.
Failure to comply with Art. 894.1 does not automatically render a sentence invalid. State v. Davis, 448 So.2d 645 (La. 1984); State v. Wimberly, 414 So.2d 666 (La.1982). In Wimberly, supra at 672, the court stated:
“In those cases in which we have vacated the sentence and remanded the case for resentencing in full, recorded compliance with Article 894.1, our action was not prompted simply by the sentencing judge’s failure to give his reasons for the penalty imposed. Rather, it was because, based on the inadequate record presented to us, there appeared to be a substantial possibility that the defendant’s complaints of an excessive sentence had merit. In each case, pursuant to our duty to uphold the constitution, which expressly prohibits the imposition by law of excessive punishment, we vacated the sentence and remanded the case for re-sentencing on an adequate record, including strict compliance with Article 894.1.”
As long as the record clearly reflects an adequate basis for the sentence imposed, remand is unnecessary. State v. Lanclos, 419 So.2d 475 (La.1982).
A sentence is unconstitutionally excessive, in violation of Art. I, § 20 of the Louisiana Constitution of 1974, if it is grossly disproportionate to the severity of the offense or nothing more than a needless infliction of pain and suffering. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Bonanno, 384 So.2d 355 (La.1980).
Defendant received the maximum legislatively mandated sentence for her crime. Even sentences which are within statutory limits may be excessive. State v. Sepulvado, 367 So.2d 762 (La.1979).
In the instant case the defendant has an extensive criminal record. Defendant has been convicted numerous times dated back to 1976, for issuing worthless checks and forgery. Defendant also has forgery charges pending against her.
Louisiana jurisprudence supports the imposition of lengthy sentences, in forgery cases, where the defendant has an extensive criminal record. In State v. Winzer, 465 So.2d 817 (La.App. 2nd Cir.1985), the defendant received a ten year sentence. Winzer’s sentence was upheld on appeal based on his extensive prior criminal record and the fact that he benefited from a plea *577 bargain agreement. In State v. Burnette, 419 So.2d 835 (La.1982), Burnette received a ten year sentence for forgery. Burnett’s sentence was upheld based on his extensive prior criminal record. In State v. Thomas, 432 So.2d 325 (La.App. 1st Cir.1983), the defendant received two concurrent ten year sentences for two counts of forgery. The appellate court found support for defendant’s sentence from the fact that he was a second offender, and the fact that defendant could have received a much greater sentence of up to twenty years.
The Winzer, Burnette and Thomas cases differ from the case at bar in that the trial courts in all three cases adequately complied with Art. 894.1, while the trial court in the instant case did not. These cases provide strong support, however, for the proposition that defendants who áre convicted of forgery, and who have extensive records, receive lengthy sentences. It is also noted that, as in the case at bar, the Burnette and Thomas courts considered that these defendants committed crimes to support drug habits, and still received ten year sentences.
Maximum sentences are reserved for the most egregious offenders. State v. Telsee, 425 So.2d 1251 (La.1983). The lengthy criminal record of the defendant in the instant case, and the jurisprudence in factually similar cases, places her among this class of offender.
The record in this case provides support for the trial judge’s sentencing choice and this assignment of error lacks merit.
ASSIGNMENTS OF ERROR NOS. 2 AND 3:
These assignments of error are not briefed and are therefore considered abandoned. Uniform Rules of Courts of Appeal, Rule 2-12.4; State v. Dewey, 408 So. 2d 1255 (La.1982)
Accordingly, for the foregoing reasons, the conviction and sentence imposed by the lower court is affirmed.
AFFIRMED.