NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-291

STATE OF LOUISIANA

VERSUS

DEWEY GLENN BURNWORTH, JR.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2548-20
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

**********

**ELIZABETH A. PICKETT**
**JUDGE**

**********

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and John E. Conery, Judges.

AFFIRMED.

**Holli Ann Herrle-Castillo**
**Louisiana Appellate Project**
**P.O. Box 2333**
**Marrero, LA 70073**
**(504) 345-2801**
**COUNSEL FOR DEFENDANT-APPELLANT:**
     Dewey Glenn Burnworth, Jr.

**Stephen C. Dwight**
**District Attorney, Fourteenth Judical District**
**David S. Pipes**
**Assistant District Attorney**
**P. O. Box 3206**
**Lake Charles, LA 70601**
**(337) 437-3400**
**COUNSEL FOR STATE-APPELLEE:**
    **State of Louisiana**

**PICKETT, Judge.**

## FACTS

Since this case resolved with a guilty plea, the facts in the record are not fully developed. However, a factual basis was placed on the record as part of the plea entered by Dewey Glenn Burnworth, Jr.:

> [O]n or between August 1st, 2015 and February 28th, 2017, the defendant did commit indecent behavior with a juvenile under the age of 13, two counts, with the victims with the initials of A.G., date of birth, July 21st, 2005, and the initials D.G. with a date of birth of February 6th, 2007 by . . . the touching of the genitals of both victims by the defendant in Calcasieu Parish . . . when they were under the age of 13.

On February 13, 2020, the defendant was indicted by the Calcasieu Parish Grand Jury with two counts of first degree rape of a victim under thirteen, in violation of La.R.S. 14:42(A)(4), and two counts of sexual battery of a victim under thirteen, in violation of La.R.S. 14:43.1(A)(2) and (C)(2).

On February 24, 2020, the defendant pled not guilty and requested a trial by jury. Trial was set for June 1, 2020. The pandemic forced postponement of the trial.

On January 31, 2022, the defendant and the state entered into a plea agreement in which the defendant would plead no contest to two counts of indecent behavior with a child under age thirteen, in violation of La.R.S. 14:81, subject to the relevant penalty provisions of La.R.S. 14:81(H)(2). The remaining charges were dismissed, and, as part of the plea agreement, the defendant reserved his right to appeal the prior rulings of the court relative to double jeopardy and prescription. The trial court accepted the recommended sentence set forth in the plea agreement and sentenced the defendant to twenty years at hard labor without benefits on each count, to run concurrently.

On February 7, 2022, the defendant filed a motion to reconsider the sentence, but the motion was denied on the same day. On February 8, 2022, the defendant moved for an appeal and is now before this court alleging his sentence is excessive.

## ASSIGNMENT OF ERROR

The defendant asserts one assignment of error:

1. The trial court erred in imposing an excessive sentence.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## DISCUSSION

In the defendant's sole assignment of error, he argues the trial court imposed an excessive sentence. Specifically, the defendant argues the trial court erred in failing to allow the defense to present mitigating factors by refusing defense counsel's request that the defendant's father make a statement at sentencing.

The defendant further asserts the trial court failed to consider any of the sentencing factors contained in La.Code Crim.P. art. 894.1 when imposing sentence. The defendant claims he pled guilty with no agreed-upon sentence.

The defendant notes the trial court advised him that he was facing up to twenty-five years on each charge, despite any sentencing recommendation. The defendant further notes the trial court provided the father of the victims an opportunity to provide a victim impact statement, and the trial court sympathized with the victims and thanked the father. However, when the defendant's father asked if he could speak, the trial court answered, "Nope." Trial counsel objected, and the court responded by asking if it was required to allow the defendant's father

to speak, but neither the state nor defense provided an answer. The trial court then stated it was accepting the "recommendation of the prosecutor and the defense on the twenty years hard labor, and that will be imposed without benefit for the full 20 years. Those are to run concurrent[ly.]" At this time, defense counsel objected to the entire sentence being imposed without benefits as well as to the court depriving the defense the opportunity to present mitigating factors through the defendant's father.

The defendant notes the plea form states, "Amended from 2 counts (14:42) - 20 years at hard labor on each count, concurrent, without benefit. Plea under North Carolina v. Alford & Rights to appeal reserved under State v. Crosby." He argues trial counsel did not intend to recommend the entire sentence to be served without benefits, based on counsel's objection. Additionally, the defense raised the issue in the motion to reconsider the sentence. However, the defendant argues his counsel was vague in the plea form because counsel did not specify which portion of the sentence was to be served without benefit and "which specific benefits it was being imposed without." The defendant argues the trial court also used vague terminology in saying without benefit.

The defendant concludes by arguing his plea deal did not have a known sentence. He further asserts the trial court failed to impose a sentence appropriately tailored to the defendant because the trial court failed to consider mitigating circumstances in that it did not allow the defendant to present mitigating evidence from his father. Therefore, the defendant argues his sentence must be vacated.

In brief, the state argues the trial court did not impose an excessive sentence. The state explains that the trial court imposed a sentence it believed both sides had recommended, so the trial court did not provide a more thorough explanation of the

3

sentencing factors. However, the state argues that the failure to comply with La.Code Crim.P. art. 894.1 does not automatically render a sentence invalid. *State v. Deville*, 525 So.2d 574 (La.App. 3 Cir. 1988); *State v. Davis*, 448 So.2d 645 (La.1984). As long as the record clearly reflects an adequate basis for the sentence imposed, remand is unnecessary. *State v. Lanclos*, 419 So.2d 475 (La.1982).

The state notes the defendant argues trial counsel did not intend to recommend the entire sentence be served without benefit because defense counsel filed a motion to reconsider the sentence contesting the trial court's order that the sentence be served without benefit. However, the state argues that the record clearly establishes a basis for such a sentence. The state argues the two child victims suffered from the defendant's actions, and the trial court heard how the children were still in counseling and would likely suffer for some time into the future. The state notes documentation showed the defendant was the godfather to one of the victims and best friend to the children's father, but the defendant abused his position of trust, and it was alleged the defendant may have violated the victims more than once.

The state directs this court's attention to several prior cases in which courts have upheld similar sentences for the same conduct. In *State v. Howard*, 18-159 (La.App. 5 Cir. 11/7/18), 259 So.3d 583, *writ denied*, 18-2034 (La. 4/29/19), 268 So.3d 1031, the fifth circuit upheld a twenty-year sentence without benefit for a single incident of indecent behavior based on a finding that the defendant exploited his position of authority over the victim to commit the abuse. In *State v. Modisette*, 50,846, 50,847 (La.App. 2 Cir. 9/28/16), 207 So.3d 1108, the second circuit upheld a twenty-five-year sentence without benefit where the defendant committed acts of indecent behavior upon different minor victims under the age of thirteen by exploiting his relationship with the victims. In *State v. Vincent*, 13-538 (La.App. 3

4

Cir. 11/6/13) (unpublished opinion), this court upheld two twenty-year consecutive sentences with twenty years to be served without benefits for indecent behavior with a juvenile.

The state asserts the record fully supports the trial court's decision to impose a twenty-year sentence without benefits. Additionally, the state argues the defendant's claim that his father was not permitted to speak at the sentencing hearing is without merit. As there was no indication in the record that the defendant's father intended to speak in mitigation of his son's offense, and the record shows the defendant's father interrupted the proceedings at the conclusion of the victim impact testimony by the victims' father. The state notes defense counsel objected for the record, but no testimony was proffered nor was any record made of what the defendant's father intended to say. Additionally, the state notes that in the motion to reconsider the sentence there was no reference to the father nor affidavits or any other indication as to what the father would have added to the proceedings. The state argues the defendant presented no authority that the court was required to allow the defendant's father to speak in such circumstances.

In conclusion, the state contends the trial court was acting within its discretion in imposing the sentence without benefits, and the record reflects sufficient reasons for the trial court's actions. Therefore, the defendant's conviction and sentence are affirmed.

In the defendant's motion to reconsider sentence, he alleged his sentence is excessive, particularly the amount of the sentence to be served without benefit of probation, parole, or suspension of sentence. Under La.Code Crim.P. art. 881.1(E), the failure to include a specific ground upon which a motion to reconsider sentence may be based precludes the defendant from urging any ground not raised in the motion on appeal.

5

In *State v. Vital*, 12-881, pp. 5-6 (La.App. 3 Cir. 2/6/13), 107 So.3d 1274, 1278, *writ denied*, 13-430 (La. 9/13/13), 120 So.3d 692, this court noted that La.Code Crim.P. art. 881.2(A)(2) provides that a "defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." This court went on to note that based on this article, this court has held "in instances where the court sentences a defendant in accordance with the parties' recommendation for a specific sentence or sentencing range, review of the imposed sentence is precluded." *Id*. at 1278, *quoting State v. Jordan,* 98-101, p. 4 (La.App. 3 Cir. 6/3/98), 716 So.2d 36, 38. In the instant case, the signed plea form contains the following language: "20 years at hard labor on each count, concurrent, without benefit." However, as the defendant notes, trial counsel objected to the imposition of the entirety of the sentence to be served without benefits during the sentencing hearing as well as in the motion to reconsider sentence.

As we have noted, under La.Code Crim.P. art. 881.2, a defendant is precluded from seeking review of a sentence imposed in conformity with a plea agreement when the plea agreement is set forth in the record at the time of the plea. The plea agreement was made a part of the record, signed by both the defendant, defense counsel, and the trial judge. It was referenced by all parties at the time the plea was entered. The trial court only imposed the sentence agreed upon by the defendant and his counsel, as evidenced by the plea agreement. Accordingly, we will not review the term of the sentence, twenty years as to each count to be served concurrently. We find no ambiguity here with respect to the fact that the plea agreement contemplated a sentence not subject to the benefits of probation, parole, or suspension of sentence. Nevertheless, out of an abundance of caution, we will review the defendant's sentence for constitutional excessiveness.

At the outset, we note the substantial benefit the defendant received from his plea bargain. Had the defendant been found guilty of two counts of first degree rape, he would have been subject to a sentence of life imprisonment on each count. Had the defendant been found guilty of two counts of sexual battery, he would have been subject to a sentence of twenty-five to ninety-nine years on each count.

Louisiana courts have laid out the following guidelines regarding excessive sentence review:

> Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:
>
> > La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
>
> Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958[, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996)].

*State v. Soileau*, 13-770, 13-771, pp. 4-5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005-06, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261.

Furthermore, in *State v. Baker*, 06-1218 (La.App. 3 Cir. 4/18/07), 956 So.2d 83, *writ denied*, 07-320 (La. 11/9/07), 967 So.2d 496, *and writ denied*, 07-1116 (La. 12/7/07), 969 So.2d 626, this court adopted the fifth circuit's three-factor test from *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183, which established that an appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes.

Looking first to the nature of the crime, we note that the defendant pled guilty to two counts of indecent behavior with a juvenile under the age of thirteen. The state noted the defendant was a godparent to one of the children and was a good friend to the children's father. La.R.S. 14:81(H)(2) sets the sentencing range for indecent behavior in this case:

> (2) Whoever commits the crime of indecent behavior with juveniles on a victim under the age of thirteen when the offender is seventeen years of age or older, shall be punished by imprisonment at hard labor for not less than two nor more than twenty-five years. At least two years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.

As to the nature and background of the offender, we look to the remarks made during the defendant's no contest plea and sentencing. As the state

indicated, the trial court believed the plea recommendation was a joint recommendation, so the trial court did not conduct a presentence investigation nor did the trial court consider all the aggravating and mitigating factors in the sentencing guidelines.

The final factor in the *Baker* analysis is a comparison of the sentences imposed for similar crimes. Along with the cases cited by the state, we have reviewed additional case law. In *State v. Collins*, 52,885 (La.App. 2 Cir. 9/25/19), 280 So.3d 891, the second circuit affirmed the defendant's twenty-five-year sentence without benefits for indecent behavior with juveniles (count 3). The sentence was ordered to run concurrently with his twenty-five-year sentence in count one for indecent behavior with juveniles. *Id.* However, count one, which was originally sexual battery, was vacated on an error patent since indecent behavior is not a proper responsive verdict. *Id.* In affirming the sentence for indecent behavior (count 3), the second circuit noted: the defendant committed a crime that will forever affect and scar the minor victims; his actions involved multiple violations of the reliance and trust afforded to a neighbor; and while the defendant's sentence will end, the victims will carry the emotional scars for life. The second circuit further held, "Considering the emotional and mental pain in addition to the extreme negative consequences that Collin's actions will have on both the victims and their families, his sentence is within the statutorily permitted allowance for his crime and does not shock the sense of justice." *Id.* at 897.

In *State v. Patterson*, 09-199 (La.App. 3 Cir. 11/4/09), 21 So.3d 1119, the defendant was adjudicated a second felony habitual offender and sentenced to twenty years at hard labor. This court noted the defendant's sentencing range as a second felony habitual offender was between twelve and one-half years to fifty years. *Id.* In affirming the sentence, this court considered the "heinous nature of

9

the offense and the defendant's past criminal history which included a prior conviction for indecent behavior with a juvenile[.]" *Id*. at 1122.

The defendant's sentence is comparable to other cases involving similar crimes, but the trial court did not specifically review the sentencing guidelines contained in La.Code Crim.P. art. 894.1. However, under La.Code Crim.P. art. 881.3 (emphasis added):

> In reviewing a sentence the appellate court may consider the record of the case which shall include **any evidence or relevant information introduced at preliminary hearings, hearings on motions, arraignments, or sentencing proceedings**, and any relevant information included in a presentence investigation report filed into the record at sentencing. In order to preserve confidentiality, in appropriate cases, the court may order that the presentence report, or any portion thereof, be held under seal.

In discussing review of sentences, this court stated in *State v. Williams*, 02-707, pp. 8-9 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095, 1100-01:

> The trial court must state for the record the considerations taken into account and the factual basis for the sentence. La.Code Crim.P. art. 894.1(C). Although the trial court need not refer to every factor listed in Article 894.1(A), the record should affirmatively reflect that adequate consideration was given to codal guidelines in particularizing the defendant's sentence. *State v. Iron*, 00-1238 (La.App. 3 Cir. 2/15/01); 780 So.2d 1123, *writ denied*, 01-1232 (La.3/15/02); 811 So.2d 898. Yet, when the trial court fails to adequately address the factors of La.Code Crim.P. art. 894.1, "the trial court's reasoning alone will not necessitate the need for re-sentencing as long as an adequate factual basis is found within the record." *State v. Butler*, 98-1258, p. 7 (La.App. 3 Cir. 2/3/99); 734 So.2d 680, 684.

> The trial court may also consider other factors not provided by La.Code Crim.P. art. 894.1. Specifically, when the offense to which the defendant has pled guilty inadequately describes the entire course of the defendant's conduct, the court may consider the benefit obtained by the defendant through the plea bargain. *State v. Lanclos*, 419 So.2d 475 (La.1982). **The trial court should particularly make such considerations where the plea bargain results in a significant reduction in the defendant's potential exposure to imprisonment.** *State v. Robinson*, 33,921 (La.App. 2 Cir. 11/1/00); 770 So.2d 868; *State v. Waguespack*, 589 So.2d 1079 (La.App. 1 Cir.1991), *writ denied*, 596 So.2d 209 (La.1992).

10

Despite the lack of a specific recitation of the sentencing factors, the record indicates the defendant's date of birth is November 19, 1987, and he completed a twelfth-grade education. The state provided a sufficient factual basis which alleged the defendant touched the genitals of both children while they were under the age of thirteen. Additionally, the defendant was originally charged with two counts of first degree rape of a victim under thirteen and two counts of sexual battery of a victim under thirteen. This plea agreement resulted in a significant reduction in potential confinement at hard labor, so the trial court has great discretion in imposing a maximum sentence for the pled offenses. Also, the trial court allowed the victims' father to present an impact statement. He stated his sons have nightmares and continue to suffer, and he sought out counselors and doctors to help his children. The father said his children have not had time to heal, have trust issues, and the trauma will remain for some time. The father stated he wished the defendant would never get out of prison. This victim impact statement is suggestive of an aggravating factor. Therefore, we find there was a sufficient basis for the imposed sentence, especially when considering similar sentences in other cases.

While not included in the motion to reconsider sentence, defense counsel objected during sentencing to the failure to allow the defendant's father to speak on the record. Thus, this court will consider this claim. We find that the failure to allow the defendant's father to speak should not result in reversal of the defendant's sentence. At no point in the hearing did the defendant attempt to call his father as a mitigation witness; rather, the defendant's father spoke up on his own and asked if he could say something. When the trial court asked if the defendant's father was required to speak, defense counsel could not provide an answer and simply said he did not know. In *State v. Wilson*, 53,913, p. 10-11

11

(La.App. 2 Cir. 5/26/21), 317 So.3d 923, 930, the second circuit provided a concise summary of the law:

> The defendant must be given an opportunity to rebut or explain misinformation upon which the trial court relies or to which it is exposed in its sentencing decision. *State v. Ray*, 423 So. 2d 1116 (La. 1982); *State v. Cox*, 369 So. 2d 118 (La. 1979). The jurisprudence also holds that the accused must likewise be given an opportunity to make a showing, by argument of counsel or otherwise, of mitigating factors under La. C. Cr. P. art. 894.1(B), which the trial court may have overlooked. *See State v. Cox*, *supra*. The opportunity to do so is waived if not asserted before sentence is passed. *State v. Cox*, *supra*; *State v. Hughes*, 587 So. 2d 31 (La. App. 2 Cir. 1991), *writ denied*, 590 So. 2d 1197 (La. 1992); *State v. Buie*, 477 So. 2d 157 (La. App. 1 Cir. 1985). Moreover, error in denying the defendant this opportunity is harmless if there is no proof that the sentencing information was materially and prejudicially false. *State v. Washington*, 414 So. 2d 313 (La. 1982); *State v. Hughes*, *supra*.

> The court does not have the affirmative duty to ask whether the defendant has anything to say at a sentencing hearing. *State v. Hughes, supra.*

There was no indication in the record that the defendant specifically intended to call his father as a mitigation witness; however, as noted above, the defendant's counsel objected when the trial court denied permission for his father to speak. The defendant did not seek to proffer the defendant's father's testimony. As indicated above, the trial court does not have an affirmative duty to ask whether a defendant has anything to say at the sentencing hearing. When considering that the defendant's father interrupted proceedings rather than being called as a witness, we find there was no error in not allowing the father to speak.

## CONCLUSION

We affirm the defendant's conviction and sentence.

**AFFIRMED.**

12