448 So.2d 257 (1984)
STATE of Louisiana
v.
William N. WARDLOW.
No. 83 KA 1168.
Court of Appeal of Louisiana, First Circuit.
April 3, 1984.
*258 William J. Guste, Jr., Atty. Gen., New Orleans, Ossie Brown, Dist. Atty., Baton Rouge, for plaintiff-appellee.
M. Michele Fournet, Baton Rouge, for defendant-appellant.
Before COVINGTON, COLE and SAVOIE, JJ.
COVINGTON, Judge.
The defendant, William N. Wardlow, was charged by bill of information with armed robbery on October 29, 1981, in violation of LSA-R.S. 14:64. Having waived trial by jury, the defendant was tried by the judge and found guilty as charged. He was sentenced to 50 years at hard labor, without benefit of probation, parole or suspension of sentence. The defendant has appealed his sentence alleging it is excessive.
The charge of armed robbery was based on the following facts: On October 29, 1981, the defendant and an accomplice robbed the victim, Robert E. Hicks, of his wallet and his automobile. Each of the culprits perpetrated the crime while armed with a knife and after threatening to kill the victim if he refused to comply with their demands. The victim was shoved out of the automobile, and the robbers drove off. Shortly thereafter, the victim succeeded in stopping a police car which was coming down the road. Hicks described the subjects and the vehicle to the police. After investigation, the police learned the identity of Wardlow. Soon afterward the police recovered the stolen vehicle. Upon learning that the defendant was in a nearby cafeteria, the police made the arrest of the suspect. His accomplice was not apprehended.
The defendant urges on appeal that the trial court erred in imposing an excessive sentence. The maximum sentence which can be imposed for the crime of armed robbery is imprisonment at hard labor for not more than ninety-nine years. LSA-R.S. 14:64. The penalty actually imposed by the trial court was fifty years, or about one-half of the maximum assessable penalty.
*259 The trial judge has wide discretion, though not unbridled, in the imposition of a sentence within statutory limits, State v. Sepulvado, 367 So.2d 762 (La.1979); and given compliance with the sentencing criteria of LSA-C.Cr.P. art. 894.1, the sentence will not be set aside in the absence of manifest abuse of discretion. State v. Washington, 414 So.2d 313 (La.1982); State v. Fleming, 428 So.2d 947 (La.App. 1st Cir.1983).
Article I, Sec. 20 of the Louisiana Constitution of 1974 prohibits the imposition of excessive punishment. A sentence will be determined to be excessive if it is grossly disproportionate to the crime, or nothing more than the needless imposition of pain and suffering. State v. Guiden, 399 So.2d 194 (La.1981); State v. Bonanno, 384 So.2d 355 (La.1980). The determination turns upon the punishment and the crime in light of the harm to society and whether the penalty is so disproportionate that it shocks our sense of justice. State v. Pearson, 425 So.2d 704 (La.1982).
Sepulvado states that adequate appellate review must consider whether the trial judge gave due consideration to the statutory guidelines and has specifically stated his reasons for imposition of sentence as related to the particular defendant and the particular crime. While the trial judge need not articulate every mitigating and aggravating circumstance presented in LSA-C.Cr.P. art. 894.1, the record must reflect that the judge adequately considered the guidelines in particularizing the sentence to the defendant. State v. Guiden.
A review of the record in the case reveals that the trial judge carefully particularized the sentence, considering each and every mitigating and aggravating factor as set out in LSA-C.Cr.P. art. 894.1 with respect to Wardlow. The judge noted that the defendant was 25 years of age, was found guilty of the offense, and had a previous criminal background. As reasons for the sentence, the trial judge pointed out that defendant had several prior felony arrests (some of the charges were still pending) and a prior felony conviction for simple robbery, which charge had been reduced from armed robbery. He further stated that both the instant conviction and the prior felony conviction were for violent crimes against the person and that the victim herein had been injured and could have been killed. The trial judge further noted that defendant had "hardly any work history of any stable condition," and that he refused to cooperate in naming his accomplice. The victim in no way induced or facilitated the commission of the offense. The judge considered that the defendant's conduct was such that the same or similar circumstances of violence were likely to recur. It was in this context that the trial judge concluded that there was an undue risk that during a suspended, probated or lesser sentence the defendant would commit another crime; that the defendant was in need of correctional attention, treatment and supervision; and that a lesser sentence would diminish the seriousness of the crime. Further, the trial judge discussed the mitigating factors which were taken into consideration in fixing the sentence. In summation, the record shows the trial judge's articulation of reasons for sentence are more than adequate to meet the statutory criteria.
The sentence imposed is well within the statutorily defined range, and does not appear grossly disproportionate to the severity of the crime and does not appear to be imposed merely for the purposeless and needless imposition of pain and suffering. State v. Brown, 412 So.2d 998 (La.1982). Consequently, this assignment is without merit.
We affirm the sentence.
AFFIRMED.