COLE, Judge.
The sole issue presented in this appeal is whether the sentence imposed upon defendant is excessive. Richard Miller was charged by bill of information with possession of pentazocine, a controlled dangerous substance, in violation of La.R.S. 40:967 C. He originally pled not guilty, but subsequently withdrew this plea and pled guilty as charged. He was thereafter sentenced to three years at hard labor. Defendant *634 has appealed, contending this sentence is excessive.
During the evening of February 15, 1983, police officers were summoned to defendant’s residence by his “common law spouse,” who reported she had been assaulted with a butcher knife and battered by defendant. She turned over to the police hypodermic needles used by defendant earlier in the evening. Defendant was charged with the instant offense when the white powdery residue in the needles was determined to contain pentazocine.
A trial judge has wide discretion in the imposition of a sentence within statutory limits. State v. Sepulvado, 367 So.2d 762 (La.1979). The sentence imposed will not be set aside in the absence of a manifest abuse of discretion. State v. Wardlow, 448 So.2d 257 (La.App. 1st Cir.1984). The offense of which defendant was convicted provides for a minimum sentence of two years and a maximum sentence of five years imprisonment plus a fine of $5,000.00. The sentence actually imposed upon defendant was only slightly over one-half of the maximum possible.
The trial court carefully particularized this sentence to defendant, considering both mitigating and aggravating factors as required by La.Code Crim.P. art. 894.1. Although this was defendant’s first felony conviction, he has a substantial criminal record. In addition to fourteen prior arrests, defendant has prior convictions for simple battery and misdemeanor theft.[1] While incarceration of defendant would work an economic hardship on his “common law spouse” and their two minor children, the court nevertheless concluded it was necessary because a lesser sentence would deprecate the seriousness of defendant’s crime. Further, the court felt treatment of defendant in a custodial environment was indicated by his past record and his failure to respond affirmatively to the less stringent penalties previously imposed upon him.
Under these circumstances, we cannot say the sentence imposed is excessive. The trial court fully considered the range of sentencing alternatives and individualized the sentence imposed to defendant for the particular crime involved. This assignment of error lacks merit. Accordingly, defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Among these arrests were numerous acts of violence directed against Miller's "common law spouse.” As in the instant case, formal prosecution was not initiated on these charges at the urging of the victim.