SHORTESS, Judge.
Roger Harold (defendant) was charged by grand jury indictment with the second degree murder of Rodney Scott in violation of LSA-R.S. 14:30.1. Defendant pled not guilty and, after a jury trial, was found guilty of the responsive verdict of manslaughter, a violation of LSA-R.S. 14:31. The trial court sentenced Harold to nine years in the custody of the Department of Corrections. Defendant appeals, urging six assignments of error.
The record reveals that Rodney Scott died of a single stab wound to the chest inflicted by defendant. The stabbing arose following a heated verbal confrontation between defendant and Scott at the Wedge-wood apartment complex on North Lobdell Street in Baton Rouge.
Defendant took the stand in his own behalf. Defendant’s mother and younger brother, Malcolm, resided at the complex as did Rodney Scott and his roommate Robert Tuggles. Defendant testified that he observed his brother Malcolm involved in an argument in the yard outside Scott’s apartment; that he tried to get Malcolm to leave; that vulgar name calling ensued between defendant and Robert Tuggles focusing on the fact that Scott and Tuggles were both acknowledged homosexuals; that during the course of the argument, verbal threats were exchanged by Scott and him; that Scott warned him that he would “do him” if he came in Scott’s yard; that he threatened to do the same thing to Scott if he came out in the parking lot where defendant was standing near a dumpster; that he admitted waiting for about twenty minutes for Scott to come fight; that Scott had told him that he was not going to fight him fairly; that at one point during the course of his argument with Scott, Malcolm took a small knife away from Scott; that, in full view of Scott, he gave his own knife, which he carried on a holster at his belt, to one of his companions to hold; that when he noticed Scott enter and then exit his apartment with a garbage can and approach the dumpster, he retrieved and opened his knife; that he drew his knife because he was scared based on the look in Scott’s eyes; that he walked some two steps to meet Scott, who was enroute to the dumpster and stabbed Scott when he noticed Scott reach inside the garbage can he was carrying to get a knife; and that he suffered no injury.
Under cross-examination, defendant admitted that he wanted to fight Scott and had challenged Scott to fight by taunting “if you’re man enough to come out and dump your garbage we’ll just fight fair”; that he probably could have turned around and walked safely away from the confrontation with Scott.
Defendant did not testify that Scott thrust his knife toward him; but defense witness, Charles Johnson, testified that defendant and Scott “swung at the same time.” Another defense witness, Reggie Johnson, noted that, after the stabbing, Scott retrieved his knife from the ground and went back inside his apartment. Neither Robert Tuggles nor Reginald Franklin, State witnesses, however, ever saw Scott with a knife. Reginald Franklin did not actually witness the stabbing but had been present during the argument and observed Scott as he retreated to his apart *869 ment immediately following the stabbing. A serrated cake knife was recovered from Scott’s kitchen counter by law enforcement officers. Blood was found on the knife blade. Robert Tuggles testified that he kept that knife on the kitchen counter. Reginald Franklin noted that after being stabbed, Scott went first to his kitchen where much blood was found. It is defendant’s contention that he was justified in killing Scott in self-defense.
ASSIGNMENTS OF ERROR NUMBERS 1-5:
In assignments of error numbers one through four, defendant urges that the verdict rendered is contrary to the law and the evidence because no reasonable trier of fact could have found that he did not act in self-defense. By assignment of error number five, defendant urges error from denial of his motion for new trial also grounded on the allegation that the verdict is contrary to the law and the evidence. We note that the appropriate procedural vehicle for urging sufficiency of the evidence is by motion for post-verdict judgment of acquittal. See La.C.Cr.P. art. 821; State v. Korman, 439 So,2d 1099, 1101 (La.App. 1st Cir.1983). However, this Court will review sufficiency of the evidence when raised by formal assignment of error.
A defendant in a homicide prosecution who asserts that he acted in self-defense does not have the burden of proof on that issue because the state bears the burden of establishing beyond a reasonable doubt that the homicide was not perpetrated in self-defense. State v. Brown, 414 So.2d 726, 728 (La.1982). LSA-R.S. 14:20, in pertinent part, provides: “A homicide is justifiable: (1) When committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger....” However, an aggressor or one who brings on difficulty, as a general rule, cannot claim the right of self-defense unless he withdraws from the conflict in good faith and indicates his intention of abandoning the difficulty. LSA-R.S. 14:21. The relevant inquiry on appeal is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that the homicide was not committed in self-defense. State v. Brown, 414 So.2d at 728.
The evidence indicates defendant interfered in a purely vocal quarrel between Scott, Robert Tuggles and his brother, Malcolm. Verbal altercations are unlikely to result in fateful injury unless one of the participants escalates the encounter by having and making use of a weapon. If a defendant in any way challenged the fight, and went to it armed, he cannot afterward maintain that in taking his opponent’s life he acted in self-defense. See State v. Corneille, 153 La. 929, 96 So. 813, 816 (1923).
Defendant by his own admission challenged Scott to fight. Although defendant maintains that he wished to fight Scott with his fists, both knew that his knife was within easy reach. In fact, defendant admits that, as he saw Scott exit his apartment with a garbage can, he reached for and opened his knife. Under these circumstances, any reasonable trier of fact could have found that defendant’s conduct was reasonably calculated to produce the occasion and necessity for taking life. Moreover, although defendant asserts that the trier of fact failed to properly assess the bellicose conduct manifested by Scott during this altercation, the record indicates that the trier of fact gave due consideration to Scott’s role by returning the responsive verdict of manslaughter.
Concluding that any reasonable trier of fact could have found that the state carried its burden in establishing beyond a reasonable doubt that Scott’s homicide was not committed in self-defense, we find these assignments of error are without merit.
ASSIGNMENT OF ERROR NUMBER 6:
By means of this assignment, defendant contends that the sentence imposed by the trial court is excessive.
*870 The trial court has wide discretion in the imposition of a sentence within statutory limits. State v. Sepulvado, 367 So.2d 762, 766 (La.1979). The penalty actually imposed was less than one-half of the maximum assessable penalty for the responsive verdict of manslaughter and is not apparently excessive. See LSA-R.S. 14:31.
A review of the record in this case reveals that the trial court carefully particularized the sentence, considering mitigating and aggravating factors as set forth in Louisiana Code of Criminal Procedure article 894.1 as they apply to defendant. The trial court ordered a presentence investigation report and noted that defendant is married with two small children. This conviction is defendant’s first felony conviction. However, the trial court obviously felt that defendant presented an undue risk of committing another violent crime during a period of any type of suspended sentence or probation, based on the recommendations contained in the pre-sentence investigation.
The trial court complied with the sentencing criteria of LSA-C.Cr.P. art. 894.1, so its sentence will not be set aside in the absence of manifest abuse of discretion. State v. Wardlow, 448 So.2d 257, 259 (La. App. 1st Cir.1984). We find no manifest abuse of discretion in the factors considered or the weight given to those factors and this assignment of error is without merit.
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.