524 So.2d 1338 (1988)
STATE of Louisiana
v.
Elroy NEVILLE.
No. KA 87 1030.
Court of Appeal of Louisiana, First Circuit.
April 19, 1988.
Allen W. Helm, III, Asst. Dist. Atty., Houma, for State.
Anthony B. Champagne, Indigent Defenders Office, Houma, for defendant and appellant, Elroy Neville.
Before COVINGTON, SAVOIE and LeBLANC, JJ.
LeBLANC, Judge.
Elroy Neville was charged by bill of information with distribution of cocaine, a violation of LSA-R.S. 40:967 A (1). Defendant pled not guilty. Following trial by *1339 jury, he was convicted as charged. Thereafter, the trial court sentenced defendant to a five year term of imprisonment at hard labor.
Defendant brings this appeal urging five assignments of error:
(1) The trial court erred by denying defendant's motion for continuance sought to allow defense counsel an opportunity to investigate an alibi defense.
(2) The trial court erred by admitting into evidence the two plastic bags which allegedly contained cocaine.
(3) The trial court erred by refusing to admonish the jury to disregard the comment by the prosecutor about defendant's failure to present alibi evidence.
(4) The trial court erred by denying defendant's motion for new trial.
(5) The verdict is contrary to the law and the evidence.

FACTS
In the summer of 1986, Detective Johnny Mann of the Terrebonne Parish Sheriff's Office worked as an undercover officer. He was assisted in his undercover operation by Vickie Crochet, a drug addict turned informant. During the evening of June 24, 1986, as Mann and Crochet conversed with another individual near Senator Circle in the City of Houma, defendant approached on a bicycle and offered to sell Mann some cocaine. Mann accepted the offer, thereafter purchasing two one-fourth gram bags of cocaine for twenty-five dollars per bag. Defendant was arrested at his home in July of 1986, after termination of the undercover operation.
ASSIGNMENT OF ERROR NUMBER ONE:
By this assignment, defendant contends that the trial court erred by failing to grant his oral motion for a continuance.
Initially, we note that an oral motion for continuance presents nothing for review on appeal. State v. Western, 355 So.2d 1314 (La.1978). We are aware that this rule may be disregarded whenever the circumstances arise unexpectedly and defense counsel has no opportunity to prepare a written motion. See State v. Penny, 486 So.2d 879 (La.App. 1st Cir.), writ denied, 489 So.2d 245 (La.1986). However, the present situation is one in which the standard rule should be applied.
On the morning of trial, defense counsel sought to continue the proceeding so that he could investigate a possible alibi defense. Defense counsel noted that defendant had just advised him that he was in Chicago when the instant distribution occurred. After reviewing the sequence of events, the trial court opined that defendant's request for a continuance was a dilatory tactic.
In July of 1986 the public defender's office was appointed to represent defendant. In September of 1986, defendant was advised that his trial would be in March of 1987. He remained out on bond during this time frame, which provided more than adequate notice to defendant that he should be prepared to assert his defenses and participate in a trial. See State v. Shields, 444 So.2d 287 (La.App. 1st Cir.1983), writ denied, 446 So.2d 312 (La.1984). It was within defendant's capability to develop evidence on the alibi defense (if one existed) well in advance of the trial date. Considering all of the facts and circumstances of this case, we cannot say that the trial court abused its discretion.
Accordingly, this assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER TWO:
By this assignment, defendant contends that the trial court erred by admitting into evidence the two plastic bags which allegedly contained cocaine. Defendant asserts that the individual conducting the drug analysis lacked the necessary educational background to qualify as such an expert and that the testing procedures themselves were not shown to be reliable. He also argues that an adequate chain of custody was not demonstrated. We disagree.
The record reveals that Mary Sue Trull, who conducted the substance analysis tests on the suspected cocaine, had *1340 worked as a drug analyst for the Louisiana State Police Crime Laboratory for about eight years. She held a B.S. degree in zoology and had taken six college chemistry courses, including organic chemistry and quantitative and qualitative analysis. She had also qualified in court as an expert in drug analysis more than fifty times. Ms. Trull's educational background, combined with her vast experience, supported her qualification as an expert.
In brief, defendant argues that Ms. Trull testified that, without being a chemist, she could not say under oath that there are no other elements that could give a positive cocaine reading with the three types of tests she performed. However, we believe defense counsel has misinterpreted the relevant colloquy. When asked: "Not being a chemist, ... [c]an you testify here today that there is no other element at all that could give a test result which would make you think you are looking at cocaine, but really was not cocaine?" Ms. Trull replied, "Using those three tests, no." Ms. Trull's answer, reasonably construed in light of her testimony on direct examination, indicates that she held the opinion that no compound other than cocaine would give the required result on all three tests. At trial, Ms. Trull gave a detailed explanation of the screening tests utilized in identifying cocaine. Defendant then had the opportunity to challenge the accuracy and reliability of the test results. During cross-examination, defense counsel questioned Ms. Trull concerning the conditions under which the tests were conducted and the safeguards taken to assure their reliability. Ms. Trull testified that the apparatus employed were in condition to allow for accurate experimentation. There is no evidence of record to indicate that the accuracy of these test results was not safeguarded.
Defendant also argues that the state should be required to comply with detailed state-promulgated regulations, as with the handling of blood-alcohol testing. However, the legislature has not mandated such regulation by the state for the testing of cocaine but, rather, has left that responsibility] with those who prepare forensic science handbooks.
The general rule is that results of scientific tests and expert opinions based thereon are admissible if the scientific principle is generally considered reliable and accurate by the scientific community when conducted by a competent individual. See State v. Boyer, 406 So.2d 143 (La.1981); State v. Deville, 524 So.2d 1334 (La.App. 1st Cir.1988). It is apparent that Ms. Trull was extremely competent in this area.
Finally, defendant argues that the chain of custody for the cocaine packages is weak, containing many gaps. Thus, he concludes that the packages should not have been admitted into evidence. Review of the record convinces us that an adequate foundation was established, by testimony of the purchasing officer, the analyzing forensic scientist, and the evidence room officers. This testimony establishes that it is more probable than not that the instant exhibit was the contraband which was purchased from the defendant. Therefore, any deficiencies in the chain of custody are properly attributable to the weight, rather than to the admissibility of the evidence. See State v. Gibson, 459 So.2d 1294 (La. App. 1st Cir.1984).
Detective Mann, who participated in the purchase, testified at trial as to the procedures followed in handling the evidence. He placed the two packets in his left pocket. He then sealed them in a small evidence envelope which he marked and identified. Thereafter, he kept the envelope locked in his office until he turned it over to one of the evidence officers.
Also testifying were the two Terrebonne Parish Sheriff's Office evidence officers who described the procedures by which they receive and handle evidence. One of the evidence officers logged the item by file number as it was received. Additionally, they testified as to how items are documented when taken to and retrieved from the Louisiana State Police Crime Laboratory.
In addition, the analyzing scientist with the Louisiana State Police Crime Laboratory *1341 testified as to how the item was received and maintained at the laboratory. The item was identified by its state police and local police identification numbers and the initials of the individual expert. The expert testified as to how the item that she handled was tested, placed back in its container and then resealed with tape.
In view of the foregoing, we find defendant's assignments of error to be without merit.
ASSIGNMENT OF ERROR NUMBER THREE:
By this assignment, defendant contends that the trial court erred by failing to instruct the jury to disregard a comment made by the prosecutor, referencing defendant's failure to present alibi evidence at trial.
The record reveals that, following closing argument, defendant sought a cautionary instruction requiring:
[T]he Court to instruct the jury ... in accordance with Article 727, Section F of the Code of Criminal Procedure, ... that the comment made by the State of the defendant's failure to call alibi witnesses should be disregarded, since Section F indicates that once that intention is withdrawn by the defense, it cannot be used as evidence in any manner.
The trial court denied defendant's request, noting that Louisiana Code of Criminal Procedure article 727 applies only to instances when the state has made a written inquiry about defendant's intention to offer an alibi defense.
On the first day of trial, defendant orally advised the trial court that he intended to call an alibi witness. However, when he was unable to serve a subpoena on that witness, he orally withdrew his intention. During closing argument, the prosecutor noted that there was no evidence presented by defendant to refute the state's evidence. In particular, the prosecutor referenced the lack of evidence undercutting defendant's identity as the perpetrator of the instant offense. We agree with the trial court's conclusion that defendant misconstrued article 727, Section F, which provides: "[e]vidence of an intention to rely upon an alibi defense, later withdrawn, or of statements made in connection with such intention, is not admissible in any civil or criminal proceeding against the person who gave notice of intention." It sanctions reference to defendant's prior asserted intention to use an alibi defense. No such reference was made in this case. Moreover, since the prosecutor's remark was directed to the lack of refuting evidence presented by the defense, it was within the scope of permissible closing argument. See La. Code Crim.P. art. 774.
Accordingly, this assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER FIVE:
By this assignment, defendant contends that the instant verdict is contrary to the law and the evidence. However, he fails to specify in what respect the evidence is insufficient. Our review of the record convinces us that, when viewing the evidence in the light most favorable to the state, any reasonable trier of fact could have found defendant guilty as charged. Accordingly, this assignment of error lacks merit.
To establish that the contraband delivered to Detective Mann was in fact cocaine, a controlled dangerous substance classified in Schedule II, the state produced the testimony of Mary Sue Trull, an experienced forensic scientist with the Louisiana State Police Crime Laboratory. The delivery and defendant's identification as the perpetrator were established through the testimony of Detective Mann, who stated that he observed defendant in a well-lighted area for about five minutes after having learned defendant's name from his informant.
ASSIGNMENT OF ERROR NUMBER FOUR:
By this assignment, defendant contends that because of errors urged in the other assignments, he should have been granted a new trial. Having found no merit to defendant's other assignments of error, this assignment of error lacks merit.
*1342 For these reasons, the conviction and sentence imposed by the trial court are affirmed.
AFFIRMED.