524 So.2d 1334 (1988)
STATE of Louisiana
v.
Kevin J. DEVILLE.
No. KA 87 1029.
Court of Appeal of Louisiana, First Circuit.
April 19, 1988.
*1335 Allen W. Helm, III, Asst. Dist. Atty., Houma, for plaintiff and appellee, State of La.
Anthony P. Champagne, Indigent Defenders Office, Houma, for defendant and appellant, Kevin J. Deville.
Before COVINGTON, SAVOIE and LeBLANC, JJ.
LeBLANC, Judge.
Kevin J. Deville was charged by bill of information with distribution of cocaine, a violation of La.R.S. 40:967 A(1). Defendant pled not guilty. Following trial by jury, he was convicted as charged. The trial court sentenced defendant to a five year term of imprisonment at hard labor.
Defendant brings this appeal, urging five assignments of error:
1. The trial court erred by accepting Mary Sue Trull as an expert in the analysis and identification of controlled dangerous substances.
2. The trial court erred by allowing the state to question Officer Louis Hyatt about conversations with defendant concerning other drug transactions.
3. The trial court erred by admitting State Exhibit I, the certificate of analysis, into evidence.
4. The trial court erred by denying defendant's motion for a new trial.
5. The instant verdict is contrary to the law and to the evidence.

FACTS
The record reflects that defendant was arrested after selling one-eighth ounce of cocaine to undercover officer Louis Hyatt of the Louisiana State Police on September 17, 1986. Officer Hyatt testified that he learned from an informant that defendant would be willing to sell cocaine. Through the informant, Hyatt met defendant during the early morning hours of September 13. Defendant agreed to sell Hyatt one-fourth ounce of cocaine, but he was unable to complete the deal that night. During the initial contact, defendant indicated that he could sell two ounces of cocaine for $1800 per ounce. Hyatt next spoke with defendant by telephone on September 16. Hyatt testified that he telephoned defendant at the Soul Castle Lounge, inquiring if the two ounces of cocaine were still available. Defendant returned Hyatt's call about fifteen minutes later, indicating that the man holding the two ounces of cocaine had returned to New Orleans. However, defendant did offer to sell Hyatt one-eighth ounce of cocaine. Hyatt accepted the offer. The next day Hyatt met defendant and gave him three hundred dollars in exchange for the cocaine. In furtherance of the sale of a larger quantity of cocaine, defendant met Hyatt later than evening. However, when defendant requested $1,000 in advance of delivery, Hyatt placed defendant under arrest.
ASSIGNMENT OF ERROR NUMBER ONE:
Defendant contends that the trial court erred when it accepted Mary Sue Trull, over his objection, as an expert in the identification of controlled dangerous substances. He argues that she lacked the necessary educational background to understand the testing procedures utilized herein.
*1336 The record reveals that Ms. Trull, who conducted the substance analysis tests on the suspected cocaine, had worked as a drug analyst for the Louisiana State Police Crime Laboratory for about eight years. She held a B.S. degree in zoology and had taken six college chemistry courses, including organic chemistry and quantitative and qualitative analysis. She had also qualified in court as an expert in drug analysis more than fifty times.
A proposed expert witness must satisfy the trial court as to his knowledge and competency in the field about which he is called upon to express an opinion. The competence of an expert witness is a question of fact to be determined within the sound discretion of the trial court. Its ruling on the qualification of an expert witness will not be disturbed in the absence of manifest error. State v. Myles, 432 So.2d 1018 (La.App. 1st Cir.1983). We find no manifest error in the trial court's ruling in this instance. Ms. Trull's educational background combined with her vast experience supported her qualification as an expert.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER THREE:
Defendant contends that the trial court erred by admitting State Exhibit I, the certificate of analysis, into evidence over his objection. He argues that it was not demonstrated that Ms. Trull had the expertise to conduct these tests or that the equipment utilized was properly maintained.
In assignment of error number one, we addressed defendant's argument that Ms. Trull was not qualified as an expert in the identification of controlled dangerous substances and rejected it. At trial, Ms. Trull gave a detailed explanation of the screening tests utilized in identifying cocaine. Defendant than had the opportunity to challenge the accuracy and reliability of the test results. During his cross-examination, defense counsel questioned Ms. Trull extensively concerning the conditions under which the tests were conducted and the safeguards taken to assure their validity. Ms. Trull testified that the apparatus employed were "state of the art" and in such a condition as to allow for accurate experimentation. There is nothing of record to indicate that the accuracy of these test results was not safeguarded.
Defendant argues that the state should be required to comply with detailed state promulgated regulations, as with the handling of blood-alcohol testing. However, the legislature has not mandated such regulation by the state for the testing of cocaine but, rather, has left that responsibility with those who prepare forensic science handbooks.
The general rule is that results of scientific tests and expert opinions based thereon are admissible if the scientific principle is generally considered reliable and accurate by the scientific community when conducted by a competent individual. See State v. Boyer, 406 So.2d 143, 147 (La. 1981). It is apparent that Ms. Trull was extremely competent in this area.
Accordingly, this assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER TWO:
Defendant argues that the state impermissibly elicited references to other crimes evidence when it questioned Officer Louis Hyatt about his conversations with defendant directed toward the purchase of two ounces of cocaine.
Initially, we note that defendant did not object to the first reference by Officer Hyatt to the intended purchase. When defendant did finally object, it was only on the basis of relevance. A new ground for objection cannot be urged for the first time on appeal. See State v. Hookfin, 476 So.2d 481, 492 (La.App. 1st Cir.1985).
Moreover, even had defendant urged this ground, it would have been meritless. The general rule is that the prosecution may not introduce evidence of other criminal acts of defendant. An exception is made if the evidence is substantially relevant to some purpose other than to show defendant is a bad person, therefore more *1337 likely to have committed the charged offense. The prohibition does not bar admission of criminal acts that form part of the res gestae. See La.R.S. 15:447; 15:448; State v. Belgard, 410 So.2d 720 (La.1982). In addition, State v. Prieur, 277 So.2d 126, 130 (La.1973), does not require the state to provide notice to defendant of crimes that fall within the res gestae exception. State v. Belgard, supra. In the instant case, discussion of the intended purchase of two ounces of cocaine occurred both before and after defendant had sold Officer Hyatt cocaine. Thus, it was part of the continuous transaction of drug distribution between defendant and the officer.
Moreover, defendant invoked the defense of entrapment. When entrapment is a defense, the prosecution may introduce evidence of other criminal activity to show a defendant's predisposition to commit the crime. See State v. Batiste, 363 So.2d 639 (La.1978), on rehearing. Although the actual purchase of two ounces of cocaine involved a future criminal act, the discussion was material to defendant's predisposition to distribute cocaine.
For the foregoing reasons, this assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER FIVE:
By this assignment of error, defendant argues that the trial court erred in failing to find the defendant not guilty on the basis of his affirmative defense of entrapment. He argues that he had no prior disposition to commit the instant offense and that the offense was instead designed and initiated by the undercover officer and his informant.
An entrapment is perpetrated when a law enforcement official or a person acting in cooperation with such an official for the purpose of obtaining evidence of the commission of an offense solicits, encourages, or otherwise induces another person to engage in conduct constituting such offense when he is not otherwise so disposed. State v. Batiste, at 641. When entrapment is at issue, the focal point of the inquiry is on the predisposition of the defendant to commit the crime at issue as well as on the conduct of the police. Id. An entrapment defense will not lie if the officers or agents merely furnished a defendant who is predisposed to commit the crime the opportunity to do so. State v. Moody, 393 So.2d 1212, 1216 (La.1981).
The relevant inquiry is whether the defendant adduced evidence of his entrapment such that any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could conclude that defendant had not proved by a preponderance of the evidence that he was entrapped. State v. Brand, 506 So.2d 702 (La.App. 1st Cir.1987), affirmed 520 So.2d 114 (La.1988).
The trier of fact apparently determined that the undercover officer did not induce the crime but merely afforded defendant an opportunity to commit the offense. That conclusion is supported by the record.
In defendant's own testimony in regard to the drug sale, he admitted to already having possession of the cocaine prior to its distribution. In addition, he acknowledged that he was stringing along Hyatt hoping to make more money by finding a larger supply of cocaine.
We find, therefore, that any rational trier of fact could have concluded that defendant failed to establish the defense of entrapment by a preponderance of the evidence. This assignment of error has no merit.
ASSIGNMENT OF ERROR NUMBER FOUR:
By this assignment, defendant contends that because of errors urged in the other assignments, he should have been granted a new trial. Having found no merit to defendant's other assignments of error, this assignment of error lacks merit.
AFFIRMED.