536 So.2d 537 (1988)
STATE of Louisiana
v.
Felton L. HALFORD.
No. KA 88 0170.
Court of Appeal of Louisiana, First Circuit.
November 22, 1988.
Mark D. Rhodes, Asst. Dist. Atty., Houma, for State of La.
James S. Broussard, Houma, for Felton L. Halford.
Before WATKINS, CRAIN and ALFORD, JJ.
CRAIN, Judge.
Felton L. Halford was charged by bill of information with fourth offense D.W.I., in violation of La.R.S. 14:98. Defendant pled not guilty. Following trial by jury, he was convicted as charged. Thereafter, the trial court sentenced defendant to a twenty year term of imprisonment at hard labor. Defendant brings this appeal urging seven assignments of error.

*538 FACTS
At approximately 6:00 p.m. on October 24, 1985, Louisiana State Trooper Daniel Mitchell, Jr., was travelling northward on Highway 24 toward Thibodaux, Louisiana, when he observed defendant's vehicle. Defendant left a convenience store, located on an inferior street which intersected with Highway 24, and stopped with the front of his vehicle extending about two feet into the southbound lane of traffic on Highway 24. Trooper Mitchell testified that a motor vehicle accident nearly followed because of the hazard created by defendant's vehicle. Mitchell's state police car was forced onto the shoulder of the northbound lane when traffic headed south had to occupy his lane in order to avoid the obstruction created by defendant's vehicle.
With emergency lights flashing and siren engaged, Trooper Mitchell made a u-turn and followed defendant as defendant's vehicle finally moved fully onto Highway 24. Rather than stopping his vehicle in response to the officer's signal, defendant drove into a trailer park at a fairly high rate of speed. Defendant drove between two trailers, then into an open field and back onto Highway 24. Defendant turned left on an intersecting street and jumped a ditch. However, he was forced to stop about one-fourth mile further because his passage was blocked by two parked automobiles.
Defendant was immediately arrested and transported to the Troop C office. When first stopped, defendant spontaneously told the officer that he had not had "that much to drink." Defendant smelled of alcohol. His eyes were bloodshot and his speech slurred. Some empty beer cans were observed inside defendant's car.
Because defendant manifested trouble with his knee, various field sobriety tests were conducted with defendant seated in a chair. All tests were performed unsatisfactorily. Although defendant agreed to submit to an intoxilyzer test, the officer was unable to obtain a valid sample. Trooper Mitchell opined that defendant just pretended to blow into the machine, which makes a sound when a sufficient sample of air is obtained.
ASSIGNMENT OF ERROR NUMBER ONE:
By this assignment of error, defendant contends that the trial court erred by failing to grant his motion to quash the instant bill of information, grounded on the fact that one of the predicate D.W.I. convictions derived from a prosecution based on violation of a Houma city ordinance. Defendant argues that the Houma city ordinance is invalid because of its inconsistency with La.R.S. 14:98. We disagree.
La.R.S. 13:1894.1 as originally enacted by Act 233 of 1970, provided that "all prosecutions in any city, parish, and municipal court based on or arising out of the operation of a vehicle by a person while intoxicated shall be prosecuted solely under the provisions of La.R.S. 14:98." The main purpose of R.S. 13:1894.1 was to require that all D.W.I. offenses be prosecuted under the state law rather than alternatively under local ordinances, in order to permit effective statewide enforcement of prosecutions for second and subsequent D.W.I. offenses. State v. Fuller, 312 So.2d 287, 288-289 (La.1975).
The 1978 amendment to R.S. 13:1894.1 (Act 749 of 1978), added the provisions authorizing and relating to prosecutions under city, parish, and municipal ordinances. At the time of the instant offense and trial on the merits, R.S. 13:1894.1 provided, in pertinent part:
A. Notwithstanding any other provision of law to the contrary, including the provisions of R.S. 13:1871, on and after July 29, 1970, prosecutions in any city, parish, or municipal court, the city, municipal and traffic courts of the city of New Orleans excepted, based on or arising out of the operation of a vehicle by a person while intoxicated may be charged and prosecuted under the provisions of R.S. 14:98 or under any applicable city, parish, or municipal ordinance which incorporates the standards, elements, and sentences of the offense of driving while intoxicated contained in R.S. 14:98.... Any conviction for a first or second offense *539 or the entry of a plea of guilty and sentence based on such plea ... of any person having been charged with a first or second violation of the applicable city, parish, or municipal ordinance in any such city, parish, or municipal court ... shall constitute a conviction under R.S. 14:98 for purposes of determining the number of prior convictions in a proceeding under R.S. 14:98.
On March 24, 1983, defendant was convicted of D.W.I. under City of Houma ordinance Section 22.20. The ordinance then provided: "Operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, vessel, or other means of conveyance while under the influence of alcoholic beverages or narcotic drugs." The relevant text of subsection A of R.S. 14:98, effective until January 1, 1984, provided:
A. The crime of operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, vessel or other means of conveyance while under the influence of alcoholic beverages, narcotic drugs, central nervous system stimulants, hallucinogenic drugs or barbiturates.
Defendant's reliance on City of Lake Charles v. Broussard, 475 So.2d 411 (La. App. 3d Cir.1985), is misguided. In the instant case, the two statutory provisions are essentially the same. The Houma ordinance is substantially consistent with state law, specifically R.S. 14:98, as it then existed.
Accordingly, this assignment of error is meritless.
ASSIGNMENTS OF ERROR NUMBERS TWO AND THREE:
By these assignments of error, defendant contends that the trial court erred by failing to grant his motion for a continuance, grounded on the absence of a defense witness and on an allegation of defendant's poor health.
On the morning of trial, defense counsel orally sought to continue the proceeding so that defendant could keep a medical appointment scheduled two days later and so that the presence of defense witness, James Colvin, might be obtained. Initially, we note that an oral motion for continuance presents nothing for review on appeal. State v. Neville, 524 So.2d 1338, 1339 (La.App. 1st Cir.1988). We are aware that this rule may be disregarded whenever the circumstances arise unexpectedly and defense counsel has no opportunity to prepare a written motion. See State v. Penny, 486 So.2d 879, 887-888 (La.App. 1st Cir.), writ denied, 489 So.2d 245 (La.1986). However, the present situation is one in which the standard rule should be applied. Nevertheless, we will consider the merits of defendant's oral allegations.
The granting or refusal of a continuance rests within the sound discretion of the trial court, and its ruling will not be disturbed on appeal absent a clear abuse of discretion. State v. Meredith, 400 So.2d 580, 583 (La.1981). The Louisiana Supreme Court has recognized that whether or not the trial court has exercised its discretion unreasonably depends primarily on the facts and circumstances of the particular case. These general principles apply with equal force when the grounds on which the continuance is sought is the physical condition of the accused. State v. Meredith, 400 So.2d 580, 583 (La.1981).
Defendant's medical showing at trial consisted of presentation of an appointment card and an oral allegation that defendant had scheduled surgery on his knee cap. There was no suggestion that defendant's health would be adversely influenced by proceeding with the scheduled trial or that defendant's health would prevent him from effectively participating in his defense. The trial court's ruling denying the continuance on this basis was not an abuse of discretion.
In addition, we find no error in the trial court's denial of the continuance due to the absence of defense witness, James Colvin. When a motion for a continuance is based upon the absence of a witness, it must state the facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at the trial; facts and circumstances showing a *540 probability that the witness will be available at the time to which the trial is deferred; and facts showing due diligence used in an effort to procure attendance of the witness. La.C.Cr.P. art. 709. Defendant's oral motion for a continuance does not contain such allegations. Defendant's sole showing was an allegation that he had been unsuccessful in having a subpoena served at the only address he had for Colvin.
For the foregoing reasons, these assignments of error are meritless.
ASSIGNMENTS OF ERROR NUMBERS FOUR AND FIVE:
By these assignments of error, defendant contends that the trial court erred by allowing the introduction into evidence of (state exhibit 4) the front page of a certified copy of defendant's driving record from the Department of Motor Vehicles and (state exhibits 1, 2, and 3) certified copies of court pleadings and minutes evidencing the three predicate D.W.I. convictions. Both assignments of error are meritless because the aforementioned exhibits were admitted by stipulation.
The record reveals that defendant's initial objection to state exhibits 1, 2, and 3 was withdrawn and a stipulation entered when the prosecutor sought instanter subpoenaes for the respective clerk of court personnel capable of properly identifying those exhibits. In addition, the trial court initially sustained much of defendant's objection to state exhibit 4. Having substantially prevailed, defense counsel agreed to stipulate to the introduction of the cover page of that document, showing defendant's driver's license number.
ASSIGNMENT OF ERROR NUMBER SIX:
Defendant contends that the evidence admitted at trial is insufficient.[1] He argues that, when his performance on the field sobriety tests is considered, it does not provide sufficient evidence to support the instant D.W.I. conviction. We disagree.
The Louisiana Supreme Court has indicated that intoxication, with the attendant behavioral manifestations, is an observable condition about which a witness may testify. State v. Allen, 440 So.2d 1330, 1334 (La.1983). Field sobriety tests are based on the relationship between intoxication and the loss of coordination which intoxication causes. State v. Badon, 401 So.2d 1178, 1179 (La.1981). What behavioral manifestations are sufficient to support a D.W.I. charge are determined on a case by case basis.
In the instant case, Trooper Mitchell testified about defendant's appearance and demeanor. He also described in detail the physical tasks he asked defendant to perform. Mitchell first noticed defendant because his erratic driving created a traffic hazard. Rather than cooperating, defendant fled the scene, leading Trooper Mitchell on a dangerous chase. When arrested, defendant's eyes were bloodshot; and he smelled of alcohol. His speech was slurred and difficult to understand. Empty beer cans were observed inside defendant's vehicle. In addition, defendant attempted to exculpate himself by spontaneously stating that he had "not had that much to drink."
Defendant swayed and staggered as he tried to stand. However, since defendant said he had problems with one knee, field sobriety tests were limited to those which could be performed while seated in a chair. Defendant performed poorly on those tests. He missed his nose each time on the finger-to-nose test. In addition, instructions as to the right and left frequency of the maneuver were not followed. Defendant's attempt to count five fingers in sequence also failed.
In the instant case, the evidence presented, viewed in the light most favorable to the prosecution, is sufficient to prove beyond a reasonable doubt that defendant *541 was intoxicated while driving his vehicle. See State v. Britt, 510 So.2d 670 (La. App. 1st Cir.1987).
Accordingly, this assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER SEVEN:
By means of this assignment of error, defendant contends that the trial court erred by imposing an excessive sentence.
The trial court has wide discretion in imposition of a sentence within statutory limits. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). The penalty actually imposed by the trial court was two-thirds of the maximum assessable penalty. La.R.S. 14:98E. Given compliance with the sentencing criteria of La.C.Cr.P. art. 894.1, the sentence imposed will not be set aside in the absence of manifest abuse of discretion. State v. Wardlow, 448 So.2d 257, 259 (La.App. 1st Cir.1984).
Generally a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. State v. Thomas, 432 So.2d 325, 327 (La.App. 1st Cir.1983). A sentence is considered grossly disproportionate if one's sense of justice is shocked when comparing the punishment imposed to the crime committed, in light of the harm done to society. 432 So.2d at 327.
A review of the record in this case reveals that the trial court carefully particularized the sentence, considering mitigating and aggravating factors as set forth in Louisiana Code of Criminal Procedure article 894.1 as they apply to defendant. In imposing sentence, the trial court emphasized defendant's significant contact with law enforcement officers starting in 1953 and continuing throughout his adult life. Defendant had numerous prior misdemeanor convictions and one prior felony conviction. In this context, the trial court opined that defendant needed an extensive period of incarceration because he presented a near certain risk of committing another offense.
We cannot say that the sentence imposed is excessive under the circumstances. The trial judge fully considered the range of sentencing alternatives and individualized the sentence to the particular defendant for the particular crime involved. This assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] The argument advanced by defendant to the district court pursuant to his motion for post-verdict judgment of acquittal did not pertain to the present argument regarding the sufficiency of the evidence. However, this Court will address the merits of the argument since it is briefed pursuant to a formal assignment of error. State v. Britt, 510 So.2d 670, 672 (La.App. 1st Cir.1987).