LeBLANC, Judge.
Mack Vessell was charged by bill of information with one count of theft of property having a value in excess of $500.00, a violation of La.R.S. 14:67, and illegal possession of stolen things having a value in excess of $500.00, a violation of La.R.S. 14:69. In return for an agreement by the state to dismiss a charge of simple burglary, defendant pled guilty as charged. The trial court imposed a sentence of nine years at hard labor for each offense. The court further ordered that the sentences be served concurrently with each other and concurrently with any other sentence defendant might be serving. Defendant appealed, urging as his only assignment of error that the trial court imposed excessive sentencés.
Defendant was charged with the possession of a stolen van, valued at approximately $3,500.00, and the theft of property from several automobiles having an aggregate value in excess of $500.00. During the Boykin examination, defendant admitted his guilt to the charged offenses. Defendant claimed that he was using drugs at the time and that he intended to sell the stolen property to support his habit. Defendant was on probation at the time he committed these offenses.
The trial court has wide discretion in the imposition of sentence and, given compliance with the sentencing criteria of La.C. Cr.P. art. 894.1, a sentence within statutory limits will not be set aside absent an abuse of that discretion. State v. Wardlow, 448 So.2d 257, 259 (La.App. 1st Cir.1984). Defendant submits the sentences are excessive because each sentence is close to the maximum statutorily authorized. Defendant further claims the sentences are excessive because the trial court failed to consider the mitigating factor of the nonviolent character of these offenses.
Defendant’s arguments have no merit. Initially, we note that both of the offenses to which defendant entered pleas of guilty are contained in that section of the Criminal Code entitled “BY MISAPPROPRIATION WITHOUT VIOLENCE.” Thus, the Legislature undoubtedly considered the nonviolent nature of these offenses in determining the maximum penalty. Moreover, in imposing sentence, the trial court noted that defendant was charged with the misappropriation of property having an aggregate value of approximately $5800.00. The trial court clearly con *830 sidered that defendant was one of the worst offenders for these offenses, for whom sentences close to the maximum were appropriate. Other sentencing factors enumerated by the judge included defendant’s lack of employment history or dependents, his extensive criminal history as a juvenile and as an adult, the favorable consideration he received by the state’s agreement to dismiss other charges, and the fact that defendant was on probation at the time he committed the instant offenses. Defendant also received a substantial benefit in the imposition of concurrent sentences. We find no abuse of discretion herein.
SENTENCES AFFIRMED.