WATKINS, Judge.
John W. Johnson was indicted by the East Baton Rouge Parish Grand Jury for aggravated rape, a violation of LSA-R.S. 14:42. Thereafter, the state amended the indictment to charge the offense of incest, a violation of LSA-R.S. 14:78; and defendant pled guilty to the amended charge. The trial court imposed a sentence of fifteen years at hard labor. Defendant appealed, urging as his only assignment of error that the trial court imposed an excessive sentence.[1]
Defendant was charged with having sexual intercourse with his eleven year old natural daughter. Defendant and the victim’s mother are divorced, and the victim spent every other weekend with her father. The incident occurred during one of the victim’s visitation weekends.
In amending the indictment, the assistant district attorney specifically noted that the amendment was done with the victim’s consent so that she would not be required to testify at a trial.
According to the transcript of the Boy-kin examination, defendant entered the guilty plea in order to avoid a possible sentence of life imprisonment if he were convicted of aggravated rape. However, defendant did not specifically admit that he committed the offense; rather, defendant claimed that he had no recollection of the time period in which the incident occurred. Thus, the plea was entered without defendant’s express acknowledgment that he committed the offense. See North Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970).
The maximum term of incarceration statutorily authorized for the offense of incest is fifteen years at hard labor. Thus, defendant received the maximum sentence. He submits that the maximum term was not *634 warranted because he is a first felony offender, with no history of criminal activity. Defendant further contends that the court failed to consider that he has maintained steady employment, that he never admitted to the factual allegations of the state’s case, that he was laboring under psychiatric illness at the time of the offense, and that the conduct is unlikely to recur.
In imposing sentence, the trial court noted defendant’s lack of a previous criminal record and psychiatric treatment. However, the court further noted that defendant had been involved in a number of violent encounters and that he had failed to show any remorse for the incident. The court noted, as well, that defendant had not made restitution for expenses caused by the offense, that his conduct was threatening and caused serious physical and psychological harm, and that imprisonment would not be a hardship for his daughter. Finally, the court opined that, despite defendant’s failure to admit the offense, it believed defendant was guilty.
The pre-sentence investigation report ordered by the trial court was made a part of the appellate record. Therein, it appears that defendant repeatedly altered his version of the incident. Moreover, at least one statement given by an outside source, which he claimed would exonerate him, tends to support the victim’s claims.[2]
The trial court has wide discretion in the imposition of a sentence within statutory limits and, given compliance with the sentencing criteria of LSA-C.Cr.P. art. 894.1, the sentence will not be set aside in the absence of manifest abuse of discretion. State v. Wardlow, 448 So.2d 257 (La.App. 1st Cir.1984). We find no abuse of discretion herein. The written amendment to the indictment and the statement of the assistant district attorney during the Boykin examination reflect that the charges were reduced to spare the young victim the trauma of testifying against her own father. Although the maximum sentence is generally reserved for the worst offense and the worst offender, defendant received a very substantial benefit in the reduction of the charge from an offense that carried a mandatory term of life imprisonment. See State v. Tuggle, 509 So.2d 118 (La.App. 1st Cir.1987). We find, therefore, that the sentence imposed was not excessive.
Considering the above, the sentence of defendant is affirmed.
SENTENCE AFFIRMED.

. Defendant also claimed the existence of errors patent on the face of the record. He does not specify any manner in which the record is deficient. This Court routinely reviews every appellate record for patent error. Our review of the record does not reveal the existence of such error.

. According to the presentence investigation report, the investigator was furnished with a report from a woman who stated that defendant had contacted her on the afternoon the offense allegedly occurred and asked her to come to his house because his daughter was bleeding from her vagina and had bad stomach pains. The woman related that she had asked the victim what had happened, and the victim did not respond. The informant stated, however, that when she asked defendant why he did not take the victim to a doctor, he told her that he was "afraid they would think he did something to her and ask him a lot of questions."