ALFORD, Judge.
Richard D. Davis was charged by bill of information with driving while intoxicated, fourth offense, a violation of La.R.S. 14:98. Defendant pled guilty as charged. The trial court imposed a sentence of thirty years at hard labor, to run concurrently with any other sentence defendant might be serving. Defendant appealed, urging as his only assignment of error that the sentence imposed is excessive and failed to comply with the sentencing guidelines of La.C.Cr.P. art. 894.1.
At the time of the instant offense, defendant was on probation for a conviction of driving while intoxicated, third offense, and had recently completed serving a one-year sentence in the parish jail, which was a condition of his probation. Defendant pled guilty in return for an agreement with the state that it would not oppose the imposition of a sentence concurrent with the five-year term he had received for driving while intoxicated, third offense; and, further, the state agreed that it would not file an additional charge for an arrest for driving while intoxicated that defendant incurred after his arrest on the current charges.
Before accepting defendant’s plea, the court thoroughly advised him of the rights he waived by entering the plea. The court further notified defendant that it intended to impose a lengthy sentence. Defendant acknowledged the court’s instructions and, nevertheless, maintained his desire to enter a guilty plea.
*537 The trial court had wide discretion in the imposition of a sentence within statutory limits and, given compliance with the sentencing criteria of La.C.Cr.P. art. 894.1, the sentence will not be set aside in the absence of manifest abuse of discretion. State v. Wardlow, 448 So.2d 257 (La.App. 1st Cir.1984). We find no abuse of discretion herein.
While the trial judge need not recite the entire article 894.1 checklist of aggravating and mitigating factors, the record must reflect that the judge adequately considered the guidelines. State v. Soco, 441 So.2d 719 (La.1983). In imposing sentence, the court noted that defendant (then thirty-one years of age) had been arrested for forty-nine alcohol related offenses, including at least ten arrests for driving while intoxicated. The court further noted that, at the time he committed the instant offense, defendant was on probation for driving while intoxicated, third offense, having previously received a five-year suspended sentence for his second conviction of third-offense driving while intoxicated. At the time of his arrest, defendant had been out of the parish jail for only two weeks after serving a one-year term that was a condition of his probation. His blood-alcohol concentration was .20%. The court found that defendant was not a candidate for rehabilitation and that a lesser sentence would deprecate the seriousness of the offense. We agree.
Defendant’s claim that the court failed to articulate reasons for sentencing is totally without merit. The record clearly reflects that the court carefully considered the circumstances of the defendant and the offense before imposing sentence and articulated its reasons for imposing sentence for the record.
The maximum sentence that can be imposed for driving while intoxicated, fourth offense, is thirty years at hard labor; and the court must impose a sentence of at least ten years at hard labor. La.R.S. 14:98 E. Defendant urges that the sentence imposed herein, the maximum statutorily authorized, is excessive because no court has ever upheld a sentence longer than ten years at hard labor for driving while intoxicated, fourth offense. To the contrary, in State v. Halford, 536 So.2d 537 (La.App. 1st Cir.1988), this Court found that, under the circumstances, a sentence of twenty years at hard labor was not excessive. Maximum sentences are to be reserved for the most egregious and blameworthy of offenders within a class. State v. Telsee, 425 So.2d 1251 (La.1983). From the record before us, we find it apparent that defendant is the most egregious and blameworthy of offenders, in committing this offense with a blood-alcohol level two times higher than the presumptive level of intoxication, and while defendant was on probation for a lesser grade of the same crime and soon after defendant’s release from incarceration.
Defendant further claims that the sentence of thirty years is excessive because society has failed him; that is, he was unable to continue substance abuse treatment because of his family’s poor financial situation. He claims, as well, that the trial court did not consider his desire to be treated for alcoholism or the fact that his personal history contributed to his problem. However, in its reasons, the court specially noted defendant’s recidivism and found that he was not a candidate for rehabilitation. That determination is amply supported in the record. Moreover, the court found that defendant’s history indicated he had abdicated his right of free choice and had become a complete slave to alcohol; thus, the court implicitly found that defendant, not society, was ultimately responsible for his course of conduct.
Finally, defendant contends the court erroneously relied upon personal reasons for imposing sentence. We note that defendant’s brief purposefully omits pertinent portions of the court’s reasons. In support of his claim, defendant quotes the trial court as follows:
My only option, unfortunately, is to warehouse you, to take you off the streets of Baton Rouge, to make sure that you never, ever are a threat to my loved ones ... My primary goal is to *538 protect us from you. [Emphasis added in brief.]
The trial court’s reasons are as follows:
My only option, unfortunately, is to warehouse you, to take you off the streets of Baton Rouge, to make sure that you never, ever are a threat to my loved ones or these peoples’ loved ones or anybody else’s loved ones. My primary goal is not to punish you, believe it or not. My primary goal is to protect us from you. [Emphasis added.]
Thus, it is clear that the trial court’s ruling was based upon its concern for the public at large. We find defendant’s attempt to characterize the court’s reasons as deriving from its personal bias to be deliberately misleading and ill-advised.
For the reasons assigned herein, the sentence imposed by the lower court is affirmed.
AFFIRMED.