EDWARDS, Judge.
Christopher Acey pleaded guilty to attempted second degree murder, a violation of LSA-R.S. 14:27 and 14:30.1, and was sentenced to seventeen years at hard labor. On April 1, 1987, the defendant’s post-conviction relief application requesting an out of time appeal was granted. On appeal, the defendant urges as his only assignment of error that the trial court erred in imposing an excessive sentence and in failing to comply with the sentencing guidelines of LSA-C.Cr.P. art. 894.1.
On November 5, 1985, the defendant, a seventeen year old black male, was a resident at Baton Rouge Youth, Inc., a shelter home for boys. On this date, the defendant became involved in an argument with the victim, Mariano Musso, who was a counselor at the shelter home. Apparently, Mr. Musso was trying to make the defendant end a lengthy telephone conversation when the dispute began. Later in the day, Mr. Musso allegedly struck the defendant in the leg by purposely accelerating his vehicle and opening the door. At this point, the defendant retrieved a pistol which he had previously hidden in some bushes. He approached Mr. Musso and shot him in the hip. After the defendant was apprehended, he made a statement to some police detectives in which he recounted the events leading up to the shooting; and he told the officers that he meant to shoot the victim.*
In his only assignment of error, the defendant contends that the trial court erred in imposing an excessive sentence and in failing to comply with the sentencing guidelines of LSA-C.Cr.P. art. 894.1. Specifically, the defendant argues that the trial court failed to consider his age as a mitigating factor, and that the trial court imposed a sentence in excess of the sentence agreed upon in the plea bargain.
*449 LSA-C.Cr.P. art. 894.1 requires the trial court to weigh both aggravating and mitigating circumstances in determining whether or not to impose incarceration. The trial court need not recite the entire checklist of article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Davis, 448 So.2d 645, 653 (La.1984).
While the trial court did not specifically refer to the defendant’s age at the sentencing hearing, we find that the trial court was certainly aware of this factor, as evidenced by the Boykin colloquy, wherein the following exchange occurred:
Q .. .The penalty for attempted second degree murder is zero to fifty years. Now, in your case I’ve committed myself to a maximum of fifteen years. Is that your understanding Mr. Acey?
A (Mr. Acey) Yes, sir.
Q I have no idea what your sentence will be. I have to do a pre-sentence investigation on you. But I know you’re a young man, seventeen years old and I felt I could be comfortable in making that the maximum I would give you ...
Reviewing the article 894.1 guidelines, the sentencing record reflects that the trial court considered both aggravating and mitigating circumstances. Referring to the presentence investigation, the trial court noted that the defendant did not have a prior criminal record. The trial court also commented that a lot of people had written letters on the defendant’s behalf. On the other hand, the trial court referred to the defendant’s violent reaction in the instant offense and concluded that it was unknown whether or not the defendant might react in a violent manner in the future. The trial court noted that the defendant was unemployed and that he could not make restitution to the victim. The trial court also noted that the defendant’s actions had caused serious physical harm to the victim. The trial court concluded that there was an undue risk that the defendant would commit further crimes and that he was in need of correctional treatment. Finally, the trial court observed that a lesser sentence would deprecate the seriousness of the offense. We find that the trial court satisfied the criteria set forth in article 894.1.
The defendant also contends that the trial court erred in imposing an excessive sentence. Specifically, the defendant argues that he was promised a maximum sentence of fifteen years at hard labor as part of a plea bargain agreement but that he actually received a sentence of seventeen years at hard labor. We agree. On August 26, 1986, the defendant received a sentence of seventeen years at hard labor. However, the trial court became aware that this sentence exceeded the sentence promised in the plea bargain agreement and resentenced the defendant to twelve years at hard labor on July 24, 1987. The resen-tencing transcript indicates that the trial court concluded that the original sentence of seventeen years was illegal because it exceeded the sentence promised in the plea bargain agreement. However, the original sentence, while exceeding the promised sentence, was not an illegal sentence. It was within statutory limits, although it was excessive under the plea bargain. Therefore, since execution of sentence had begun and since an order of appeal had been entered, the trial court had no jurisdiction to amend a legal sentence. Hence, the resentencing was invalid. See LSA-C. Cr.P. arts. 881, 882, and 916(3).
Where a defendant has clearly received a sentence greater than the one promised by a plea bargain agreement, the normal remedy would be to order the sentencing court to abide by the terms of the plea bargain or allow the defendant to withdraw his guilty plea. In the instant case, the invalid attempt to resentence the defendant clearly illustrates the trial court’s intentions. Where there is no sentencing discretion involved in correcting a sentence, it is immaterial whether the correction is effected by the trial court or this Court because the result will be the same. Accordingly, the original sentence of seventeen years at hard labor is vacated, and a sentence of twelve years at hard labor is imposed.
SENTENCE AMENDED.

 The above facts are derived from the preliminary examination hearing and from the presen-tence investigation report.