CRAIN, Judge.
Kenneth Harris was charged by bill of information with armed robbery, a violation of La.R.S. 14:64. He was tried by a jury, which convicted him as charged. Thereafter, the state filed a petition under the provisions of La.R.S. 15:529.1, charging that defendant was a habitual offender. After a hearing, defendant was adjudicated a third felony offender and sentenced to *442 serve a term of sixty years at hard labor, without benefit of probation, parole, or suspension of sentence. On appeal, this Court affirmed his conviction; however, we noted error patent in defendant’s adjudication as a third felony offender. Finding that the documentation presented by the state established that defendant was a second felony offender, we remanded this matter to the trial court with instructions to impose sentence under La.R.S. 15:529.1 A (1). State v. Harris, 510 So.2d 439 (La.App. 1st Cir.), writ denied, 516 So.2d 129 (La.1987).
Following the remand by this Court, the trial court resentenced defendant as a second felony offender, sentencing defendant to serve a term of sixty years at hard labor, without benefit of probation, parole, or suspension of sentence. Defendant appealed, urging two assignments of error, as follows:
1. The trial court erred by imposing sentence prior to the disposition of a writ of certiorari filed with the Louisiana Supreme Court.
2. The trial court imposed an excessive sentence.
FACTS
Defendant was charged with the armed robbery of Kurt Lee Salziger. The incident occurred in Baton Rouge, Louisiana, while the victim was fishing in City Park Lake. After engaging in general conversation with the victim for several minutes, defendant first showed Salziger a gun and asked him if he knew of anyone who might want to buy it. When the victim replied that he did not, defendant ordered him to empty his pockets and drop his wallet to the ground. The victim’s keys and wallet (containing approximately $20 and a press identification card) were taken in the robbery.
Defendant was apprehended approximately one month later. While investigating another offense, police officers recovered the press identification card belonging to the victim. Salziger subsequently identified defendant as looking “just like” the man who had robbed him. He later viewed a photographic lineup from which he positively identified defendant as the perpetrator.
ASSIGNMENT OF ERROR NUMBER ONE
In this assignment of error, defendant submits that the trial court erred by resentencing him before the Louisiana Supreme Court had acted upon a writ application in which he sought review of the decision of this Court.
This Court rendered its opinion on June 23, 1987. On or about July 23, 1987, defendant applied for writs to the Louisiana Supreme Court. On August 25, 1987, the trial court reimposed sentence. Thereafter, on December 18, 1987, the Supreme Court denied the application.
Defendant contends the trial court lacked the jurisdiction to impose sentence while the application was pending. He cites La. C.Cr.P. art. 916(8) which provides as follows:
The jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of an order of .appeal. Thereafter, the trial court has no jurisdiction over the matter except to either;
* * # * # *
(8) Sentence the defendant pursuant to a conviction under the Habitual Offender Law as set forth in R.S. 15:529.1.
He submits that La.C.Cr.P. art. 916(8) is applicable only where the defendant is originally sentenced for the underlying felony and a habitual offender petition is filed after sentence has been imposed.
Defendant cites no authority for this argument, and we find no reason to assume that such a restrictive interpretation was intended by the addition of this exception to the divestiture of the trial court’s jurisdiction. Moreover, the sentence defendant now complains of was imposed pursuant to an order of this Court, which assumed jurisdiction over the matter when the order of appeal was entered.
Defendant was originally adjudicated a third felony offender on February 26,1986, and was sentenced pursuant to that adjudi *443 cation two days later.[1] On appeal, this Court found that the trial court erred by using an out of state conviction to enhance the sentence because that offense was committed before defendant pled guilty to two counts of burglary in this state (although defendant actually pled guilty to the out of state offense after entering the guilty pleas in this state). The effect of our prior ruling was to enter an adjudication as a second felony offender and to reinvest jurisdiction with the trial court to impose sentence accordingly. Therefore, the sentence imposed as a second felony offender was in compliance with the order of this Court and was in conformity with the provisions of La.C.Cr.P. art. 916(8). This assignment of error has no merit.
EXCESSIVE SENTENCE
By assignment of error number two, defendant submits that the sentence of sixty years at hard labor is excessive and the trial court failed to consider applicable mitigating factors. Specifically, defendant contends the court erred by imposing such a lengthy sentence because the victim was robbed of only $20. He also contends the sentence is harsh because the evidence did not establish that a gun was displayed in open view or pointed at the victim, no threats of bodily harm were made to the victim, and the victim apparently was not intimidated by the robbery because he testified that he pursued his assailant. Defendant further claims that the evidence supporting the conviction was not strong, indicated by the fact that a mistrial was declared in the first jury trial of this matter because the jurors were unable to reach a verdict. Finally, defendant argues that the trial court failed to consider the effect of his incarceration upon his two children.
In imposing sentence, the trial court expressly noted that the sentence was based in part on defendant’s previous record and the presentence investigation report. According to the presentence report, defendant previously had been convicted of two counts of simple burglary, two counts of burglary of an inhabited dwelling, and one count of third degree burglary (in the State of Kentucky). In addition to these convictions, defendant also had been charged with a number of offenses, including attempted simple kidnapping, contributing to the delinquency of a juvenile, two counts of felony theft, possession of stolen property, receiving stolen property, theft by unlawful taking, possession of a hypodermic needle, resisting an officer, failure to register as a felon, possession of a stolen vehicle, possession of a bomb, possession of a firearm by a convicted felon, possession of marijuana, and two counts of armed robbery.
Initially, we note that defendant’s contention that the strength of the evidence constitutes a mitigating factor is without merit. Defendant’s guilt having been established, the trial court is not required to reweigh the sufficiency of the evidence as a sentencing factor. State v. Harris, 518 So.2d 590 (La.App. 1st Cir. 1987), writ denied, 521 So.2d 1184 (La. 1988). Similarly, although a relatively small amount of money was taken in the robbery, that fact was merely circumstantial and is not attributable to defendant in mitigation.
Defendant further contends that the court should have considered the fact that the robbery was not actually committed at gunpoint (although the victim was threatened with a gun). However, in its reasons for sentencing, the trial court properly considered the fact that a firearm was used in the commission of the offense.
Finally, defendant urges that the trial court failed to consider the effect of *444 his incarceration upon his two children. However, the presentence report reflects that, at the time of this offense, defendant was not residing with his wife and children. He was living with another woman. Defendant did not contest the accuracy of this report. Thus, although the children may suffer as the result of defendant’s incarceration, it does not appear that the trial court failed to ascribe the proper weight to the effect of defendant’s imprisonment upon his children.
As a second felony offender, the trial court could have imposed a term ranging from the minimum sentence of thirty-three years at hard labor to a maximum term of one hundred ninety-eight years at hard labor, without benefit of probation, parole or suspension of sentence. The trial court specifically noted defendant’s extensive criminal history and expressed its opinion that, if a lesser sentence were imposed, an undue risk existed that defendant would commit another crime. The trial court has wide discretion in the imposition of sentence within statutory limits; and, given compliance with the sentencing criteria of La.C.Cr.P. art. 894.1, the sentence will not be set aside in the absence of manifest abuse of discretion. State v. Wardlow, 448 So.2d 257 (La.App. 1st Cir.1984). In light of the reasons expressed by the trial court and the presentence investigation report, we find no abuse of discretion.
AFFIRMED.

. According to the original record of this proceeding (filed as an exhibit to this appeal), the order of appeal was entered on February 26, 1986, before sentence was imposed. However, the transcript of the sentencing hearing reflects that, at the conclusion of the hearing, defendant was advised of his right to appeal. At that time, defense counsel orally advised the court of defendant’s intention to appeal the conviction and sentence and stated that a written motion for appeal would be filed later. Therefore, it is clear that the notice of appeal prepared by the clerk of court’s office, which indicates that the order of appeal was entered before sentence was imposed, is incorrect.