ARMSTRONG, Judge.
Defendant, Edward West, was arrested and charged with aggravated rape, a violation of La.R.S. 14:42. Following a trial by jury he was found guilty of forcible rape. On July 10, 1987 he was sentenced to serve twenty (20) years at hard labor.
On November 16, 1989 this court affirmed defendant’s conviction but vacated his sentence because the trial judge failed to follow the sentencing guidelines set out in La.C.Cr.P. art. 894.1. State v. West, 553 So.2d 945 (La.App. 4th Cir.1989), writ denied, 558 So.2d 567 (La.1990). This court remanded the case to the trial court for resentencing. Defendant subsequently filed an application for writ of certiorari with the Louisiana Supreme Court. On December 29, 1989, while his writ application was pending in the Supreme Court, the trial court resentenced defendant. On March 9, 1990 the Supreme Court denied defendant’s writ.
In this appeal defendant raises one assignment of error. He claims that at the time he was resentenced the trial court was without jurisdiction. La.C.Cr.P. art. 916 provides that a trial court is divested of jurisdiction once an order of appeal is entered and states:
“The jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal. Thereafter, the trial court has no jurisdiction over the matter except to either:
“(1) Extend the return day of the appeal, the time for filing assignments of error, or the time for filing per curiam comments in accordance with Articles 844 and 919.
“(2) Correct an error or deficiency in the record.
“(3) Correct an illegal sentence or reduce a legal sentence in accordance with Article 913(B).
“(4) Take all action concerning bail permitted by Title VIII.
“(5) Receive assignments of error and add per curiam comments.
“(6) Render an interlocutory order or a definitive judgment concerning a ministerial matter not in controversy on appeal.
“(7) Impose the penalty provided by Article 844.
“(8) Sentence the defendant pursuant to a conviction under the Habitual Offender Law as set forth in R.S. 15:529.1.”
None of these exceptions to the general rule apply in the instant case. La.C.Cr.P. art. 916(3) does not apply because the original sentence was within the statutory limits, and thus was not “illegal.” See: State v. Acey, 517 So.2d 447, 449 (La.App. 1st Cir.1987). La.C.Cr.P. art. 916(8) does not apply because the resentencing had nothing to do with the Habitual Offender Law, La.R.S. 15:529.1.
The case of State v. Harris, 532 So.2d 441 (La.App. 1st Cir.1988), writ denied, 538 So.2d 610 (La.1989), cited by the State, is inopposite because it concerned a resen-tencing under the Habitual Offender Law, making the exception to the general rule set out in La.C.Cr.P. art. 916(8) applicable.
*1018 Defendant is correct in his assertion that the trial court was without jurisdiction when it resentenced him.
For the foregoing reasons we affirm defendant's conviction, vacate his sentence, and remand this case to the trial court for resentencing.
CONVICTION AFFIRMED, SENTENCE VACATED, REMANDED FOR RESENTENCING.