Judgment rendered October 5, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 53,611-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

ROOSEVELT T. ARDISON                        Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 349995

Honorable Erin Leigh W. Garrett, Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Chad Ikerd

JAMES E. STEWART, SR.                  Counsel for Appellee
District Attorney

ROSS S. OWEN
ERICA N. JEFFERSON
ALEXANDRA L. PORUBSKY
Assistant District Attorneys

* * * * *

Before GARRETT, COX, and THOMPSON, JJ.

**GARRETT, J.**

Following a jury trial, the defendant, Roosevelt Ardison, was convicted of possession of a firearm or carrying a concealed weapon by a convicted felon and possession with intent to distribute cocaine. He was sentenced to 20 years at hard labor without benefit of probation, parole, or suspension of sentence on the former conviction, and 20 years at hard labor, with the first two years to be served without benefit of probation, parole, or suspension of sentence, on the latter conviction. The sentences were to be served concurrently. This court affirmed his convictions, vacated his sentences, and remanded for resentencing. While the defendant's subsequent writ application was pending before the Louisiana Supreme Court, the trial court resentenced the defendant to essentially the same sentences.[1] For the reasons expressed below, we vacate the sentences and order the trial court to stay the proceedings below.

The facts are fully recounted in *State v. Ardison*, 52,739 (La. App. 2 Cir. 6/26/19), ___ So. 3d _____, 2019 WL 10303729. To briefly recap, the police encountered the defendant in June 2017 in front of a "trap house." According to law enforcement witnesses, a "trap house" is a house where drug dealers, who do not live at that particular home, gather to ply their trade. When an officer patted down the defendant, he was found to be in possession of a loaded handgun. The defendant threw away a sock containing approximately one gram of cocaine packaged in 11 individual bags. Consequently, the defendant was charged with possession of a firearm

---

[1] However, this time the trial court failed to order that the first two years of the drug conviction sentence be served without benefit of probation, parole, or suspension of sentence, as mandated by La. R.S. 40:967(B)(4)(b) at the time of the offense.

or carrying a concealed weapon by a convicted felon and possession with intent to distribute cocaine. He filed a motion to suppress, which was denied. While the jury unanimously convicted him of the weapon charge, he was convicted of the drug charge by a vote of 10 to 2. He was sentenced as discussed above, and his motion to reconsider sentence was denied. On appeal, this court addressed the following issues raised by the defendant: the denial of the motion to suppress, insufficient sentencing record/imposition of excessive sentences, and, as error patent, the non-unanimous jury verdict on the drug charge. The court affirmed his convictions but found that the record did not provide an adequate basis to review the sentences. Accordingly, the sentences were vacated and the matter remanded for resentencing. On July 29, 2019, the defendant filed a writ of certiorari with the Louisiana Supreme Court seeking review of this court's June 2019 opinion, specifically the ruling on the motion to suppress and, as error patent, the non-unanimous jury verdict on the drug charge. On August 14, 2019, while the writ was pending, the trial court resentenced the defendant. The defendant's motion to reconsider sentence was denied. Thereafter, the defendant filed the instant appeal, in which he asserted that the trial court again failed to adequately build a record with reasons justifying the sentences imposed and, alternatively, that the sentences were excessive.

On April 20, 2020, the United States Supreme Court rendered its decision in *Ramos v. Louisiana*, 140 S. Ct. 1390, 206 L. Ed. 2d 583 (2020), holding that the Sixth Amendment right to a jury trial, as incorporated against the States by way of the Fourteenth Amendment, requires a unanimous verdict to convict a defendant of a serious offense. The Louisiana Supreme Court subsequently determined that the holding of

2

*Ramos* applied to cases pending on direct review when *Ramos* was decided. *State v. Richardson*, 2020-00175 (La. 6/3/20), 296 So. 3d 1050.

In June 2020, the state filed a motion for dismissal of the instant appeal or, in the alternative, for extension of time in which to file a brief. The state acknowledged that, because the instant matter was pending on direct review when *Ramos* was decided, the holding of *Ramos* applies to the defendant's drug conviction. It also suggested that, due to the pending writ, resentencing was premature and raised the issue of jurisdiction. It requested that this court dismiss the current appeal, vacate the August 2019 resentencing, remand the case to the trial court, and stay the proceedings pending the Louisiana Supreme Court's ruling. We granted the motion for extension of time but referred the motion to dismiss to the merits.

Due to the pending writ, we find that the trial court lacked jurisdiction when it prematurely resentenced the defendant. *See State v. West*, 578 So. 2d 1016 (La. App. 4 Cir. 1991). As a result, we are obliged to vacate the sentences imposed upon the defendant by the trial court on remand. We remand the matter to the trial court, which we direct to stay any further proceedings until such time as the Louisiana Supreme Court acts upon the defendant's pending writ. The state's motion to dismiss the appeal is denied.

**SENTENCES VACATED; MATTER REMANDED TO TRIAL COURT FOR IMPOSITION OF STAY; STATE'S MOTION TO DISMISS APPEAL DENIED.**